## LANGFORD v. CUMMINGS & COOPER.

1. The belief of a witness is not evidence, but if his impressions are stated and not excepted to, nor any charge requested with respect to such testimony, there is no question raised on the record.
2. A contract in writing, to deliver an article at a particular place, may be modified by a subsequent verbal contract, appointing a different mode of delivery.
3. The statement of the evidence shows, that a custom upon a particular river was proved, and the Court refused to charge that usage by *one boat* would not constitute a custom. The refusal is proper, because no foundation for the charge appears from the evidence.
4. Two contracts in evidence before the jury, and a charge is requested on one aspect of the case, and given with the explanation that the question is not involved, and directing the attention of the jury to the other question, is not error.

WRIT of Error to County Court of Tuscaloosa County.

Assumpsit. The declaration contains a special count on the written contract hereafter set out, and the common counts.

At the trial the plaintiff read in evidence an account in these words:

"*Tuskaloosa, February 24th,* 1838.
Mr. J. LANGFORD, to CUMMINGS & COOPER, Dr.

To making frock coat $52—which coat is to be delivered to said J. Langford, at Coffeeville.

Received payment in full,

CUMMINGS & COOPER."

The defendants then proved by a witness who had been in their employ, that, at the date named in the account, one of them inquired of the witness whether he could make a frock coat for the plaintiff by the return of the steamboat Pilot. The witness replied that he could, and the parties then agreed that the coat should be delivered to Capt. La Rock,

(who commanded the steamboat Pilot,) on his return from Mobile, with instructions to deliver it to the boy of the plaintiff, who was ferryman at the Coffeeville ferry. The partner with whom the contract was made, had previously proposed, in the same conversation, to send the coat by the Captain of another steamboat, but the plaintiff would not consent. He also said, at the same time, that Captain La Rock was a careful man, and if the coat was delivered to him the plaintiff would be sure to get it. The witness believed, from what took place at the time, that this oral agreement was subsequent to the written one, though he admitted he never had seen the latter, and did not know of its existence until the trial. The defendants also proved that the coat was delivered to the Clerk of the steamboat Pilot, addressed to the care of Captain La Rock, in a conspicuous manner, with instructions to deliver it to the ferryman of the plaintiff, at Coffeeville ferry. It was also proved to be the custom to deliver freight at the respective landings on the river, and that Coffeville was more than half a mile distant from the landing.

On this evidence the Court charged the jury—That if the defendants delivered the coat to the clerk on board the steamboat Pilot, and it came into the possession of Captain La Rock, the verdict should be for the defendants.

The plaintiff requested the Court to charge the jury—

First—That the custom on any one boat was no evidence of the custom of the river.

Second—That if the defendants agreed to deliver the coat at Coffeeville to the plaintiff, the jury should find for him in the absence of proof that it was so delivered, unless it was shown that the plaintiff had received it otherwise.

The first charge was refused; and with respect to the latter, the jury was instructed that it was true, that if the defendants agreed to deliver the coat to the plaintiff at Coffeeville, then, in the absence of such a delivery, he would be entitled to recover, but this question was not involved in the case, and if after the written agreement was entered into, the parties agreed that the coat should be delivered to Captain La Rock, and it came to his hands through the Clerk of the boat, the verdict ought to be for the defendants.

The plaintiff had previously asked the Court to exclude

from the jury the evidence which went to show that the verbal agreement was made after the one in writing. This was refused. The plaintiff excepted to the action of the court in these several matters, and now assigns the same for error.

J. J. PORTER, for the plaintiff in error, insisted that the receipt was evidence of a specific contract, and could not be explained by parol evidence. [Greanl. on Ev. 353; 6 Ohio Rep. 247.]

The evidence of the belief of the witness should have been excluded, as having nothing to do with the case, and the facts proved leading to no such conclusion. [7 Mass. 218; 5 S. and P. 421; 1 Phil. Ev. 291; Peak's Ev. 199.]

COCHRAN, contra.

GOLDTHWAITE, J.—First—We think we are not authorized to infer that the witness was permitted to give his impression as evidence to the jury. It is clear the plaintiff endeavored to show by his cross examination that there was no foundation for such an impression. In addition to the cross examination, it would have been proper for the plaintiff to have asked instructions from the court to the jury, that their verdict ought not to be founded on the belief of the witness. No exception was made to the evidence, if it was so considered, nor any charge asked upon it. Consequently there is no question about it raised on the record. [Toulmin v. Austin, 5 S. and P. 410.]

Second—The motion to exclude such of the evidence as went to show that the verbal agreement was made after that in writing, could have been allowed only upon the reason that the contract evidenced by the receipt could not have been modified or changed by a subsequent verbal agreement. We do not wish to be understood that, if the proof that this agreement was subsequent, was nothing more than the belief of the witness, that then it might not have been excluded, but such was not the request; the prayer was to exclude the evidence, and it was all of such a nature as to warrant the conclusion that the agreement to forward the coat by a particular boat, was the last conversation between the parties.

It is insisted, however, that the receipt was an express contract to deliver the coat to the plaintiff at Coffeeville, and that this contract could not be modified by any subsequent verbal agreement. We cannot yield our assent to this proposition. The mode of delivery was a matter entirely for the benefit of the plaintiff, and an acceptance by him in a different manner would be a discharge to the defendants. When, therefore, the plaintiff consented that the coat should be delivered to the Captain of the steamboat, the delivery, if it was subsequently made, was, in effect, a delivery to the plaintiff himself. The case of Cuff v. Penn, [1 M. and S. 31,] is similar in principle to this, and is a sufficient authority to shew that a written contract, fixing a stated period for its performance, may be extended by parol; and, if so, there is no reason why the place of performance may not also be changed in the same manner.

3. The charge with respect to the custom seems to have been asked without any foundation for it, growing out of the evidence. It is stated that the custom was proved; now this statement is incorrect if it was only shown to be the custom of one boat. There is no manner in which this request can be considered which relieves it from the character of a mere abstraction, which the court was not bound to respond to in any manner.

4. We are not called on to determine whether the written contract imposed the risk upon the defendants of a delivery at Coffeeville, because the County Court conceded such to be the law of the contract, and it very distinctly put the case to the jury upon the fact whether a subsequent verbal agreement was made, by which the coat was to be delivered to Capt. La Rock. The charge of the Court left the jury to consider whether the coat came to his hands, and we are unable to perceive any error in the judgment.

Let the judgment be affirmed.