## BORUM v. GARLAND & BORUM.

1. A contract may be rescinded in part, and stand as to the residue, by the consent of the parties to it.
2. If a charge of the court is considered ambiguous, an explanation of it should be asked at the time. It is not sufficient to reverse a cause, that the jury may possibly have been misled, where there was not any just ground for misapprehension.

Error to the Circuit Court of Macon.

ASSUMPSIT on a promissory note executed by the defendant in error, for the payment of $170, for the hire of two negroes, Dunk and Henry. The defendants pleaded *non assumpsit*, failure of consideration, and a tender of $95.

From a bill of exceptions, it appears, that about the last of March, the boy Henry was whipped by the patrol, at the house of his wife, and on the next day, the plaintiff, at the request of the boy, gave him a pass, to return to the house where his wife lived, and on that day, or night, the boy ran away, without having returned to the possession of Garland, the hirer.

On the next day, the plaintiff and Garland met, and after some conversation, in which the plaintiff, who was in bad health, became excited, and told Garland, that he should not

have the boy again, even if he came back, to which Garland replied, if you do not let me have him, I can hire other negroes. About the 8th of May, plaintiff wrote to Garland, informing him that Henry was in jail in Montgomery, and requesting him to take him out, informing him that he should hold him responsible for the whole hire; to which Garland replied, refusing to have any thing to do with him. The tender was proved, and the money brought into court.

Upon this proof, the plaintiff's counsel asked the court to charge, that the declaration of the plaintiff, that the defendant should not have the slave if he returned, unless the defendant at the time treated it as a proposition for a rescission and assented to it, did not operate as a rescission of the contract; which charge the court gave, but charged the jury further, that if Garland elected to treat it as a rescission, it would have that effect, and plaintiff would have no right afterwards to complain of it, if it were so treated. To this charge as given, the plaintiff excepted. Other points were made in the court below, not now insisted on. Judgment for plaintiff for the amount of money tendered, and for the defendants for the costs.

The assignment of error, brings to view the charge of the court.

Cocke, for plaintiff in error. A proposition to rescind a contract, is not binding unless accepted at the time. [Story on Con. 52; 5 Greenl. 277.]

The charge given was calculated to mislead the jury, as it left it doubtful whether the proposition might not be accepted at a subsequent time. [1 Ala. Rep. 423.]

The contract was entire, and could only be rescinded in toto. [Chitty on Con. 276; 15 Mass. 319; 22 Pick. 546; 23 Id. 283.]

Belser, contra. The defendant had the right to consider the contract rescinded as to the boy Henry, and the jury have determined such to be the fact. [Chitty on Con. 275.]

The present leaning of the courts every where, is to settle as far as possible, the controversy in one suit, by allowing a

partial failure of consideration to be proved, to which this case bears a strong analogy. [2 B. & Adol. 320.]

ORMOND, J.—It is doubtless true, as contended by the counsel for the plaintiff in error, that a party who claims a right to rescind a contract, must put the opposite party in *statu quo*, by returning, or offering to return, the subject matter of the contract, if in his possession. But, notwithstanding this is the law, it cannot be questioned, that parties may by agreement rescind a contract in part, and permit it to stand for the remainder. The declaration of the plaintiff, that the defendant should not have the slave, Henry, any longer, if accepted, or agreed to, by the defendant, had the effect of rescinding the contract as to him, and left it in force as to the other slave, and whether it was accepted, or agreed to by the defendant, was for the jury to determine.

We agree fully with the argument urged, that to produce this rescission, the proposal must have been acceded to when it was made, and this leads to the consideration of what is really the only question in the case, the meaning of the explanatory charge of the court. The court having at the instance of the plaintiff, charged, that the contract was not rescinded, unless the defendant assented to the proposition to rescind, when it was made, added, " that if Garland elected to treat it as a rescission, it would have that effect, and plaintiff would have no right afterwards to complain, if it were so treated." We do not consider this explanation of the court open to the objections urged against it. It appears to be merely an amplification of the charge, which had been previously given. The construction put upon it by the counsel for the plaintiff, makes it nullify the charge which had been given, and which this was certainly not intended to destroy, but to explain. This the court may have thought necessary, because the charge was framed by the counsel for the plaintiff. It is possible the court meant to say, that the " assent" of the defendant to the plaintiff's proposition, might be shown by his conduct at the time, and subsequent, in connection with his reply. Be this as it may, we cannot perceive how the jury could have been misled by it. Whether the consent of the defendant is called his " assent," or his " election," is wholly

unimportant, and if, when it was given, it was supposed there was any ambiguity in it, or that the court intended by the explanation to retract any portion of the charge which it had just given, application should then have been made to the Court, and an explicit response demanded.

It is too late to speculate now upon the possibility that the jury may have misapprehended it, when there does not appear to be any just ground for misapprehension.

Let the judgment be affirmed.