# Cooper *v.* McIlwain.

*Action to Recover Share of Profits arising from sale of Land.*

1. *Contract; rescision of, what sufficient to support.*—The parties to a contract may rescind or modify it at pleasure, and their mutual assent is all that is necessary to support the rescision or modification.

2. Where three persons, desiring to purchase jointly a tract of land, at a sale for partition to be made, under a decree of the Probate Court, enter into a written contract, which specifies what portion of the land each is to obtain, and that the price to be paid by each is to be determined by three disinterested persons, and one of them afterwards buys at a private sale, an undivided two-thirds interest in the lands, of which purchase his two associates are fully informed ; and by subsequent written contract, which expressly rescinds the former, it is recited and stipulated that "they have entered into a combination to purchase the tract of land," "the place to be purchased by C.," who was the purchaser at the private sale, and that they "agree to sell" a particular portion to M., at a specified price, and that "J. is to have" another part "at the rate per acre that the land is bid in at," and that C. is to have "all the balance of the tract at the price bid at the sale;" and further, that J. is to pay one-third of the difference, "between the costs of the portion sold to M. and its sale at $5.50," and that C. is to pay the remaining two-thirds ; *held*, that the rights of M. and J, were to be determined by this subsequent contract, and were dependent on C.'s becoming the purchaser at the sale for partition ; and another person having become the purchaser at that sale, at a price which refunded to C. more than he had paid for the interest purchased at private sale, that M. and J. had no claim to a share of the profits.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEO. H. CRAIG.

This was an action brought by the appellee, McIlwaine, against the appellant, to recover a sum of money alleged to to be due under the following circumstances : Cooper, McIlwaine and one R. D. Jackson desired to purchase certain parts of a tract of land then owned by a minor, one Goldsby King, and Woods and wife, as tenants in common. Proceedings for a sale of this land, for division, were then pending in the Probate Court. In furtherance of this desire they entered into an agreement, in writing, on the 2d day of October, 1874, by which they agreed jointly to purchase the whole

tract, each to receive certain portions of it, and the amount of the purchase-money to be paid by each to be determined by three disinterested persons. Cooper having expressed some dissatisfaction with the first agreement, the parties to it met, and on the 15th day of October they entered into the following agreement, in writing:

"This agreement certifies that we, the undersigned, have entered into a combination to purchase the tract of land known as the Cross Roads, on Summerfield road, the place to be purchased by C. M. Cooper, and we agree to sell the field containing 112 acres, more or less, lying west of Summerfield road and south of Craig's ferry road, at $5.50 per acre, to John McIlwaine; Dr. Jackson to have the 80 acres, more or less, lying on the Craig's ferry road, north side, and fronting on said road, (south half section, next to land of Jackson's,) he to pay at the rate per acre that the land is bid in at; C. M. Cooper to have all the balance in said tract of 466.50 acres, not described above, and at the price paid for the same. Dr. R. D. Jackson further agrees to pay one-third ($\frac{1}{3}$) difference between cost of the 112 acres sold to Mr. McIlwaine and its sale at $5.50 per acre. C. M. Cooper agreeing to pay the remaining two-thirds, as difference between cost and sale of above named field. All other agreements made before this to be null and void.

C. M. COOPER,
J. H. McILWAINE,
R. D. JACKSON."

The complaint set out these two agreements and averred that, in pursuance to the first one, plaintiff had furnished the defendant $500 to be used in the purchase agreed on, and that in pursuance of said agreement Cooper did purchase, on the 6th day of October, 1874, for himself, plaintiff and Jackson, an undivided two-thirds interest in the lands for $2,000, taking title to himself; and that after the second agreement, Cooper had sold the interest thus purchased for twenty-seven hundred and two dollars and sixty-six cents; that the plaintiff was entitled to one-fourth of the proceeds of said land, and that the defendant had paid him only $500 and refused to pay any more. Defendant filed a plea which set up these agreements; averred that the latter rescinded the former; that no part of the money furnished by plaintiff was used in the purchase of the interest in the lands; that since the last agreement was entered into he had not purchased any interest in the land; averred that the $500 advanced by plaintiff was done under the last agreement, and that in pursuance of it he had returned that amount to plaintiff; and denied the right of plaintiff to share in the

proceeds of his interest in the lands. A demurrer to the complaint, on substantially the same grounds, had been overruled.

Plaintiff, as a witness for himself, then testified that at or about the time of executing the first agreement, he had been informed that the land above described was for sale; that one Coosa Woods, a married woman, was the owner of a two-thirds interest in the same, the residue being owned by one Goldsby King, a minor; and that the said Coosa Woods and her husband had commenced proceedings in the Probate Court for a sale for partition; that he desired to purchase part of the land, and with Dr. Jackson and defendant entered into the agreement of October 2, 1874. Plaintiff further testified, against the objection and exception of defendant, that before the agreement was entered into it was understood between the parties that the interest of Coosa Woods could be purchased at private sale for $2,000, and that he and Jackson told the defendant to try it, and that they would furnish the money to pay for their respective interests as proposed, and that the agreement was entered into under this understanding; that shortly after this, he received a postal card from defendant, telling him that he desired plaintiff and Jackson to furnish their proportion of the money for said lands, and that accordingly, in a short time, he went to Selma and handed Cooper $500, and took his receipt for the same, but that he did not remember the exact date of the payment of the money to him; that an order was granted for the sale of the lands for partition; that on the 15th day of October, 1874, some dissatisfaction having grown up on the part of Cooper about the contract of the 2d of October, 1874, the parties met in Selma and entered into the agreement of that date; that on the 23d of November, 1874, the commissioners appointed by the Probate Court sold the land at public auction, and that one Lawrence Montgomery and defendant Cooper were bidders at the sale; that Cooper ran the lands up to $8.75 an acre, when the plaintiff told him he was out, and was not willing to bid more than that for said lands; that the lands were then knocked down to said Montgomery at $8.80 per acre; and that on the same day, after the sale, he applied to defendant for the return of the $500 advanced by him, which defendant accordingly did; that he did not remember to have claimed at that time any of the profits arising from the sale, but was distinct in his recollection that he did not say he would not claim any part of them   Jackson also testified as to the understanding with which the agreement of the 2d of October was entered into, substantially as the plaintiff had done. The defendant then

testified in his own behalf, that he bought the interest of said Coosa Woods for himself and not for Jackson and McIlwaine, and that he paid $2,000 therefor, and received a deed from said Coosa and her husband on the 6th of October, 1874; that the contract of 2d of October, 1874, was not entered into with relation to the interest of Mrs. Woods, but related to the whole tract; that the $2,000 paid for her interest was his own money, and no part of it belonged to McIlwaine; that he did not obtain the money from McIlwain until the 16th day of October, as shown by the receipt given for it, which he then introduced in evidence; that the sum then received was the first and only money which he had received from McIlwaine, and that he had refunded the same to McIlwaine on the day of the commissioners' sale; and that McIlwaine, at that time, stated that he claimed no share in the profits of the sale; that he failed to purchase the whole tract at said sale because plaintiff and Jackson were unwilling to bid any higher for the land, and he was unable to pay for the whole tract. This was, in substance, all the evidence, and the court, at the request of plaintiff, charged the jury that if they believed, from the evidence, that the contract of October 2, 1874, was made by the parties, and that in pursuance of this contract Cooper purchased Mrs. Woods' two-thirds interest in said land, on the 6th of October, 1874, and paid $2,000 and received a conveyance, and that the plaintiff furnished $500 to defendant towards such sale, then the plaintiff was entitled to receive his share of the profits made by said Cooper on the purchase and sale of said interest, notwithstanding said contract was made null and void by the one made on the 15th of October, and the $500 returned to plaintiff; that if the jury believed that the parties made the agreement of 15th of October, and that Cooper had previously, under the contract of 2d of October, purchased the interest of Mrs. Woods in the lands, and that on the 16th of October McIlwaine furnished the $500 to Cooper and took from him the receipt in evidence, and that afterwards the said lands were sold by the commissioners and Cooper received the proceeds of the share of Mrs. Woods, then the plaintiff would be entitled to recover in this action one-third the profits arising from this sale, and this notwithstanding they might believe from the evidence that Cooper, after said sale and before this suit, refunded to McIlwaine the $500 according to the terms of the receipt. These charges were separately excepted to by the defendant. The court refused several charges asked by the defendant, which asserted, in substance, that the rights of the parties depended solely on the contract of October 15th, and that if under that contract

the defendant had failed to become the purchaser of the tract because of the fault or interference of the plaintiff, then there was no cause of action.

BROOKS & ROY, for appellants.

MORGAN, LAPSLEY & NELSON, and P. G. WOOD, *contra.*

BRICKELL, C. J.—There can be no doubt that the parties to a contract may rescind or modify it, at pleasure ; and their mutual assent is all that is necessary to support the modification or rescission. The agreement made by these parties on the 2d day of October, 1874, was by their mutual assent, expressed in writing, rescinded, and a new contract made, materially variant in stipulations and in the rights to which the parties were entitled. This latter contract, alone, can be regarded in ascertaining the rights and relations of the parties. It was entered into after McIlwaine and Jackson had been fully informed of Cooper's purchase of the interest of Woods and wife in the lands, and did not contemplate an acquisition by Jackson and McIlwaine, or either of them, of any right in that purchase. The interest it was contemplated they should acquire, was in particular parts of the land, if the whole tract was purchased by Cooper, at the sale to be made subsequently under the decree of the Court of Probate. Their rights and interests depended wholly on such purchase, and it was a right to and interest in particular parts of the tract, at a specified price, or a price readily ascertained by calculation, if the purchase was made. If Cooper had not purchased at the subsequent sale, and the price for which the lands sold, would not have repaid him the same he had paid Woods and wife, he would not have had a right to retain for any part of the difference, from the five hundred dollars McIlwaine had deposited with him. McIlwaine could have well said, I never ventured with you into that speculation, and can not bear any part of its losses. The error which underlies the instructions given by the court, and its rulings on the demurrers, and in its refusal of several of the instructions requested by the appellant, is, in the supposition that the parties were equally interested in the purchase of the lands, and that Cooper's purchase of Woods and wife, was but a part of the purchase contemplated. The contract has no reference to Cooper's purchase of Woods and wife. The purchase it contemplated was to be made subsequently, at the public sale made by the commissioners under the decree of the Court of Probate. That purchase was to be made by Cooper, and the rights of McIlwaine and

[Morgan v. Wing.]

Jackson were dependent on the purchase being made. If it was made, McIlwaine was entitled to one hundred and twelve acres, at $5.50 per acre, without regard to the price paid at the sale. Jackson was entitled to eighty acres, at the price bid for the whole, and if that price exceeded the price paid by McIlwaine for the one hundred and twelve acres, Jackson promised to pay one-third of the excess, Cooper losing the remaining two-thirds. McIlwaine and Jackson had the right to the lands described, on the terms expressed, if Cooper made the purchase. They had no other rights, stipulated for no other, and the only obligation Cooper assumed, and the only duty he was under to them, was in good faith to make the effort to purchase the lands, when offered for sale under the decree of the Court of Probate, and if he purchased to let McIlwaine and Jackson take, under the terms of the contract, the parts of the land described. They had no right to participate in any of the profits he may have realized by his purchase from Woods and wife, which purchase was prior to the contract, and of which the parties had full knowledge when they contracted. On the facts found in the record, there is no ground on which the action can be supported, and without noticing the several rulings of the court, it is enough to say, they are inconsistent with the views we have expressed.

The judgment is reversed and the cause remanded.