## Hembree *v.* Glover.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Alteration of written contract, by subsequent oral agreement.*—A subsequent verbal agreement, changing the terms of a written contract, operates as a novation, and is valid and binding without any other consideration than the mutual assent of the parties.

2. *Note for purchase-money; set-off of judgment for costs agreed to be paid by purchaser.*—In a suit to enforce a vendor's lien on land for

[Hembree v. Glover.]

the balance of purchase-money due and unpaid, as evidenced by the purchaser's note payable on a day certain, he can not claim an equitable set-off to the amount of a judgment for costs in another suit, which he agreed to pay as part of the consideration for the land, but has not paid; the evidence showing, also, that the sale of the land was effected in compromise and settlement of that suit, and that the judgment for costs was not against the vendor.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 1st June, 1889, by Mrs. Louisa Hembree against William C. Glover, and sought to enforce a vendor's lien on land for the balance of purchase-money due and unpaid, as evidenced by the defendant's promissory note under seal for $351.57, which was dated 28th March, 1889, payable one day after date, "to M. E. Hembree or Louisa Hembree," and purported to be given in full payment for the land, particularly describing it. The defendant did not deny the execution of the note nor the terms of the original contract for the purchase of the land, but claimed that he was entitled to an equitable set-off for the amount of a judgment for costs against B. F. Hembree, who was a son of Mrs. Louisa Hembree, and which he, defendant, had become liable and bound to pay by the terms of the contract between the parties.

The contract between the parties, as reduced to writing dated February 21st, 1887, and signed only by Mrs. Hembree, "by B. F. Hembree," was in these words, omitting immaterial portions : "This agreement, made and entered into between Louisa Hembree and B. F. Hembree, of the first part, and W. C. Glover of the second part, witnesseth : That said parties of the first part have this day bargained and sold to W. C. Glover, at and for the sum of $3,500, a tract of land known as the Louisa Hembree tract, which she now owns; and the purchase-money is to be paid as follows : Said parties are to take the mortgage of said Louisa Hembree, due to said Glover, with interest and charges, also whatever may be due to the firms of R. A. Jones & Co. and Glover & Ladd, from either said Louisa or B. F. Hembree, as a credit on the amount due from said Glover for said land. *And whereas* said parties are unable to agree as to the amount due on the claims of R. A. Jones & Co., and suits are pending on said claims, it is hereby agreed that said matters are to be referred to arbitration for settlement, and the amount so ascertained to be due from the one to the other is to be taken in said settlement. *And whereas* there is a certain suit in chancery pending between Louisa Hembree and the firm of Glover & Ladd, the matters in said suit and liability on the injunction bond *is* hereby

[Hembree v. Glover.]

released from one to the other, and said suit is to be dismissed at the costs of the complainant; but whatever costs may have been paid by either party is not to be considered; and said parties of the first part are to settle and discharge all liability growing out of certain suits brought by Kahn & Wolf and Jennings, Goodbar & Co., and said incumbrance is to be removed by said parties of the first part, so as to give a clear title to said land to said Glover; and whatever amount may be due on said land, after deducting said credits, is to be due and payable twelve months after date, with interest from date, a vendor's lien on said land retained, and a mortgage executed by said Glover to Louisa Hembree for said balance, except that whatever amount may be necessary to settle the Kahn & Wolf and Jennings, Goodbar & Co. matter is to be paid by said Glover in cash, so soon as the amount is agreed on between the parties. All matters between said parties are hereby settled, and all suits dismissed."

The claims of Kahn & Wolf and Jennings, Goodbar & Co. were settled by compromise on payment of $275, which amount was paid to their attorney by said Glover; but the costs were not paid, and a judgment for the amount, $293. 58, was entered against B. F. Hembree. These transactions seem to have occurred at the time the note was given, though the fact is not expressly stated. Glover testified that he had the money to pay the costs, but asked indulgence for a few days from the creditors' attorney, in order that he might effect a compromise of the costs, and had the judgment entered against B. F. Hembree, who was insolvent, for the same reason; and the creditors' attorney testified that he granted the indulgence with reluctance, because he was bound as surety for the costs, the plaintiffs being non-residents. L. C. Coulson, the clerk of the court, in whose presence the settlement was made, thus testified: "There was a conversation in my presence between B. F. Hembree and W. C. Glover, in which it was distinctly stated by said Hembree, and agreed to by said Glover, that Glover was to pay the costs of the suit of Kahn & Wolf and others vs. B. F. Hembree and Louisa Hembree, out of the money that Glover was to pay Louisa Hembree for the lands in this suit, which Glover had contracted for in the settlement of the litigation between the parties." The complainant objected to the testimony of the witness, so far as it contradicted the written contract between the parties which was in evidence; and other exceptions to evidence were reserved, which require no notice.

On final hearing on pleadings and proof, the chancellor rendered a decree for the complainant, declaring a lien in her

[Hembree v. Glover.]

favor for the unpaid balance of purchase-money, "but subject to a credit for the costs of said Circuit Court case set up in the answer, which is shown to be an equitable set-off against said note." The final decree, and the several rulings on objections to evidence, are assigned as error.

W. L. MARTIN, and J. B. ASHLEY, for appellant.

BROWN & KIRK, and WATTS & SON, contra.

McCLELLAN, J.—From all the evidence in this case we feel fully justified in the conclusion, that B. F. Hembree acted throughout the transaction here involved as the agent of the appellant, Louisa Hembree. So considered, the agreement made by him as shown in the testimony of Coulson, to the effect "that Glover was to pay the costs of the suit of Kahn & Wolf and others v. B. F. Hembree and Louisa Hembree, out of the money that Glover was to pay" for the land which he had purchased from Louisa Hembree in settlement of that case, and other matters of contention between them, was the contract of Louisa Hembree; and, being subsequent in point of time to the written contract of February 21, 1887, is in novation thereof, and binding on the parties, although it changes the stipulations of the writing.—Coleman v. Siler, 74 Ala. 435.

The new agreement, however, was not that Glover was to be credited by the amount of costs adjudged in the Kahn & Wolf case, but by the amount of such costs paid by him. It does not appear that he has paid any part of it. He can not, therefore, reduce the recovery on the purchase-money note by setting up this new contract, because he has not met the conditions upon which alone his right to do so is made to depend by its terms; nor can he rely upon the judgment for the costs as a set-off, independently of the special contract, because he is not the owner of the demand he thus seeks to set off against the note in suit.—Jones v. Blair, 57 Ala. 457; Collins v. Green, 67 Ala. 211. Nor, in the present attitude of the matter, can he recoup the sum of these costs against the note, for the reason that they do not constitute a charge on the land, judgment having been allowed to go against a defendant who, it appears, has no interest in the property, and hence involving no element of damage to him as for a breach of warranty of the title he acquired.

The decree of the Chancellor, allowing a credit on the purchase-money note to the extent of the judgment for costs, can not, therefore, in any view be sustained. It is reversed, and the cause remanded.