(84 South. 815)

NEW FARLEY NAT. BANK v. MONTGOMERY COUNTY. (3 Div. 438.)

(Supreme Court of Alabama. Feb. 12, 1920.)

1. EVIDENCE ⬗432 — RECORD OF BOARD OF REVENUE OF A COUNTY IS NOT CONCLUSIVE AS TO CONSIDERATION FOR MODIFICATION OF CONTRACT.

Where it is asserted that a modification of contract for the sale of county bonds which relieved the purchaser from the agreement to pay interest was without consideration, evidence of consideration or lack of it is admissible despite the record of the proceedings of the board of revenue remitting interest; for, if the record were conclusive that the modification was supported by a consideration, it would be entirely possible for commissioners' courts and boards of revenue, not only to thwart the common-law rule that a consideration is necessary to support a contract, but also Const. 1901, § 100, that no obligation of any person, association, or corporation, held or owned by any county, shall be extinguished except for payment thereof.

2. COUNTIES ⬗128—CONSTITUTIONAL PROVISION THAT OBLIGATION OF COUNTY CANNOT BE EXTINGUISHED EXCEPT BY PAYMENT APPLIES TO COUNTY OFFICIALS.

The provision of Const. 1901, § 100, that no obligation of any person, association, or corporation held or owned by any county shall be extinguished except by payment, operates directly upon county and municipal officers, as well as upon the Legislature.

3. COUNTIES ⬗127—COUNTY MAY MODIFY EXECUTORY CONTRACT WHEN SUPPORTED BY CONSIDERATION.

Where a contract is still executory, a county may modify the same by remitting or abating something that its debtor or contractor was to pay or do, provided that such action was taken in good faith upon a new and valuable consideration moving to the county.

McClellan, J., dissenting.

Certiorari to Court of Appeals.

Petition by the County of Montgomery for certiorari to the Court of Appeals to review and revise the judgment and opinion of said court rendered upon the appeal of the New Farley National Bank against the County of Montgomery. Writ granted, judgment reversed, and cause remanded to Court of Appeals.

A. H. Arrington, of Montgomery, for petitioner. As to the elementary principles governing the care of trust property and the duty and powers of commissioners' courts, see sections 68 and 100, Const. 1901; sections 3306, 3314, and 3321, Code 1907; 180 Ala. 639, 61 South. 963; 200 Ala. 170, 75 South. 918; 195 Ala. 336, 70 South. 259; 67 Ala. 588; 121 Ill. 288, 12 N. E. 259, 2 Am. St. Rep. 92, and notes. Farley's testimony was inadmissible. 51 Ala. 507; 57 Ala. 216; 113 Ala. 626, 21 South. 135; 125 Ala. 643, 27 South. 764; 147 Ala. 455, 41 South. 515; 195 Ala. 336, 70 South. 259. His testimony fails to show a valuable consideration. 121 Ala. 272, 25 South. 748.

Steiner, Crum & Weil, of Montgomery, for appellee. Farley's testimony was admissible. 17 Cyc. 578, 31 Ala. 108; 36 Ala. 299; 62 Ala. 29; 41 Okl. 12, 136 Pac. 1086, 50 L. R. A. (N. S.) 103; 180 Ala. 639, 61 South. 963. The real consideration can always be shown. 57 Ala. 440; 72 Ala. 286; 96 Ala. 293, 11 South. 301; 162 Ala. 319, 50 South. 155. Our contentions here are fully supported by the

case reported in 124 Ark. 337, 187 S. W. 315. In any event the transaction was fully executed by both parties and cannot be reopened. 201 Ala. 437, 78 South. 815; 88 Ala. 275, 7 South. 200; 88 Ala. 281, 7 South. 196; 101 Ala. 261, 13 South. 145; 117 Ala. 690, 23 South. 751.

SAYRE, J. [1-3] The court is of the opinion that the decision of this court on the former appeal (200 Ala. 170, 75 South. 918) has not controlled the decision of the Court of Appeals as provided by the act approved March 9, 1911 (Laws 1911, p. 100) 1 Ala. App. 1 et seq. On the former appeal the judgment for the defendant bank, rendered on the first trial, was reversed on the ground that the county's release of the bank from the payment of interest, accrued and to accrue on the bonds after May 22, 1909, was not supported by a valuable consideration, and the cause was remanded to the trial court in order that the defendant might have an opportunity to make the proof necessary to its defense. We intended, of course, that competent evidence to that effect should be received, if offered, and that the record of the proceedings of the board of revenue, showing the resolution to release interest, would afford no reason why evidence of the consideration, or lack of consideration, moving the board to that resolution should not be received. If such evidence were held to be inadmissible, commissioners' courts and boards of revenue, to thwart the rule of the common law that a consideration is necessary to support a contract, and as well the mandate of the Constitution, section 100, that no obligation of any person, association, or corporation held or owned by any county shall be extinguished except by payment thereof— to evade these rules of law these official agents of the state, its counties or municipalities, would need only to make a record of their resolutions remitting, releasing, or extinguishing obligations without showing the consideration for their action, as was done in this case. The inhibition of the Constitution operates directly upon county and municipal officers, as well as upon the Legislature, and it was never intended that so wholesome a rule should be avoided by so simple a device. However, as we indicated on the former appeal, there is nothing in the Constitution or in any principle of the common law prohibiting the county authority, pending the execution of any contract with the county, from modifying, remitting, or abating something that its debtor or contractor was to pay or do, such action being taken in good faith upon a new and valuable consideration moving to the county. On the last trial the evidence did not materially differ from the evidence under review in this court on the former appeal. We hold now, as then, that there was no evidence of a valuable consideration to support the action of the board of revenue in releasing the bank from the further payment of interest. That action was in fact nothing more nor less than a gift of the interest to accrue between the date of the resolution and the delivery of the bonds. The board of revenue had no authority of law for that action, either before or after the transaction concerning the bonds was consummated. It results that the county was entitled to recover the judgment which was rendered in its favor in the circuit court. Accordingly the writ prayed for is granted, the judgment of the Court of Appeals is reversed, and the cause remanded to that court, in order that a judgment may be there rendered affirming the judgment of the circuit court.

Writ granted, judgment reversed, and cause remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur in the opinion.

THOMAS, J., concurs in the result, basing his concurrence on section 100 of the Constitution.

McCLELLAN, J., dissents.

BROWN, J., not sitting.