### MOORE et al. v. WILLIAMSON.
### (8 Div. 672.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

**1. Contracts ⬅➡338(2)—Special plea necessary to present fact of subsequent modification of executory contract.**

The fact of a subsequent revocation or modification of an executory contract must be presented by special plea, in view of Code 1907, § 5331.

**2. Contracts ⬅➡237(1)—Modification of contract, not founded on consideration, is nudum pactum.**

A unilateral secondary or subsequent contract and modification of contract, not founded on consideration, is nudum pactum, since doing that which one is already under legal obligation to do is no consideration for new agreement.

**3. Contracts ⬅➡237(1)—Modification of executory agreement must rest on mutual assent of parties.**

The consideration for a modification of an executory agreement must rest on mutual assent of parties.

**4. Contracts ⬅➡238(2)—Written contract may be modified by subsequent oral agreement.**

A written contract may, in absence of statute, be modified by subsequent oral agreement.

**5. Evidence ⬅➡414, 419(11), 422 — Written contract may be varied by parol evidence as to true date of execution, delivery, and consideration.**

A written contract may be varied by parol, as to its true date of execution and delivery and its consideration, and, if due date is unequivocally stated, it may not be shown by parol evidence.

**6. Evidence ⬅➡419(11) — True consideration may be shown by parol, but character thereof cannot be changed.**

The true consideration of a contract may always be shown by parol, except only character thereof, may not be changed.

---

**7. Contracts ⬄237.(1)—Evidence ⬄445(6)— Executory contract could be modified without other consideration than mutual assent; contract being bilateral and executory, evidence showing subsequent oral modification held admissible.**

Where contract for payment of commission on sale of land was bilateral in nature and executory as to the parties, it could be modified before breach, without existence of other consideration, and in suit thereon defendant should have been permitted to show a subsequent oral modification thereof, to the effect that, if sale fell through, defendants would not owe plaintiff anything.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action upon a written agreement by A. J. Williamson against Nora A. Moore and J. Z. Moore. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

See, also, 210 Ala. 427, 98 So. 201.

Plea 4 is as follows:

"(4) The contract sued on, or for the breach of which the action is brought, was given for commissions to the plaintiff for the sale of defendants' farm to Daniel Bros.; and after the execution of said contract the plaintiff agreed with the defendants that, if said sale fell through, the defendants would not owe the plaintiff anything; and defendants allege that said sale to Daniel Bros. did in fact fall through."

R. E. Smith and Spragins & Speake, all of Huntsville, for appellants.

Counsel argue assignments of error, but without citing authorities.

Cooper & Cooper, of Huntsville, for appellee.

Evidence to the effect that plaintiff stated, if the trade fell through, defendants would owe him nothing, was without binding force, and was inadmissible. Moore v. Williamson, 210 Ala. 427, 98 So. 201; Finney v. Newson, 203 Ala. 191, 82 So. 441.

THOMAS, J. The first appeal is reported as Moore v. Williamson, 210 Ala. 427, 98 So. 201.

[1] At the second trial plaintiff added a count for work and labor done in the sale of land, and it was sought by plea 4 to show a modification of the written contract declared upon. Demurrer was sustained to the plea. The fact of a subsequent revocation or modification of an executory contract is required to be presented by special plea, as was sought to be done by defendants. Newton v. Brooks, 134 Ala. 269, 32 So. 722; Sanders v. Williams, 163 Ala. 454, 50 So. 893; Code 1907, § 5331; 7 Mayfield's Dig. p. 718. See analogy in Huntsville Elks Club v. Garrity-Hahn Bldg. Co., 176 Ala. 128, 57 So. 750;

George v. Roberts, 186 Ala. 521, 65 So. 345; Southern States Co. v. Long, 15 Ala. App. 286, 73 So. 148; L. R. A. 1915B, p. 68. Was this ruling without prejudice to the defendants?

The bill of exceptions declares that, as to the witness Nora Moore, the trial court declined to permit her to answer that the trade with Daniel Bros. fell through, and whether "Daniel Brothers ever asked for or received possession of the property." It is shown that the witness Markham testified:

"I heard a conversation between Mr. Williamson and Mr. Moore at the gin at Ryland about selling Mr. Moore's land to Daniel Bros. Mr. Moore said: 'Suppose them niggers throw the land back on me—you have got me and wife tied for $900.' Mr. Williamson said: 'Jim, I would be the last man to think about doing that; if they don't keep the land you don't owe me a cent.' "

The testimony of W. I. Taylor was:

"I had a conversation with Mr. Williamson, the plaintiff, about the sale of the land to Daniel Bros.; that was at the gin at Ryland, during the ginning season in 1921, I believe. The trade had been made before that; I don't know what time. We were out in the gin yard, and Mr. Williamson said it was rumored around that these negroes were going to back out on J. Z., and he said that J. Z. might want to pay, and he said he would not do J. Z. that way. By J. Z. I mean Mr. Moore. He said if they did not take the place he did not want none."

His reference to "Mr. Williamson" meant the plaintiff, and "J. Z." was one of the defendants. The plaintiff's motion to exclude this evidence was granted over defendants' objection.

Was the defense sought to be made by the plea available in bar of a recovery?

The question as to a subsequent verbal waiver unsupported by any stated consideration was propounded without answer on former trial. It is now necessary that we consider the special instances as to what has been held to constitute a sufficient consideration for a secondary contract.

In New Farley Nat. Bk. v. Montgomery County, 203 Ala. 654, 84 So. 815, and Montgomery County v. New Farley Nat. Bk., 200 Ala. 170, 75 So. 918, the question decided was that the county might modify an executory contract when supported by a consideration—that the remission sought to be made of accrued interest on bonds was nothing less than a gift of the interest to accrue between the date of the resolution of the governing body of the county for remission and the delivery of the bonds. In Brown v. Lowndes County, 201 Ala. 437, 78 So. 815, and Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78, there was accord and satisfaction and surrender of the evidence of the debt; in Hoffman v. Moreman & Webb, 184 Ala. 220, 63 So. 942, the original contract was for

exchange of meal for seed, and it was modified by acceptance of the meal and agreement to pay difference in value of the two articles. In Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, there was the promise to increase the price of building or construction to prevent a threatened abandonment of the work, unless such increase in price was agreed upon.

In Maness v. Henry, 96 Ala. 454, 460, 11 So. 410, 412, an action on promissory note, the principle is announced that a mere waiver by one party to a contract, unsupported by any consideration moving from the other, will not bar the former's rights—that "such a one-sided agreement, being supported by no consideration at all, cannot avail to discharge the obligation imposed upon the other by the contract"; and in Andrews v. Tucker, 127 Ala. 602, 29 So. 34, it was held that any executory contract imposing obligations beyond the mere payment of stated sums of money may, without further consideration than the mutual agreement of the parties, written or oral, be so changed as to waive any right either party might have had under the original agreement but for the new agreement. It is not necessary that we try to harmonize any apparent conflict there may be between Maness v. Henry, supra, and Andrews v. Tucker, supra. However, in the latter case there were mutual duties to be performed by the respective parties aside from the mere payment of money, as was the case in the former as to one of the parties; that is to say, in the former case there was a tripartite agreement between Maness, Shields and Henry, and under the original agreement Maness had only to pay his note to Henry; yet there were other mutual duties to be performed between Shields and Henry. In Westmoreland v. Porter, 75 Ala. 452, the contract had been executed by one party, leaving the obligation to pay on the other; and it was held not to be rescinded by mutual agreement without a consideration. Such are the cases cited in the quære contained in Moore v. Williamson, 210 Ala. 427, 98 So. 201.

From the foregoing authorities the question now for consideration is involved in the difficulty in making application of the general rule obtaining in the premises. There are many authorities to the effect that any unperformed contract, bilateral in the advantages and obligations given and assumed, by mutual assent, before a breach of it has occurred, may be modified or altered within the law, without any new, independent, or distinct consideration for the change, other than that of mutual assent. This is illustrated by the decisions in George v. Roberts, 186 Ala. 521, 65 So. 345, an executory contract for building, where payments were to be made for architect's certificate (Bixby-Thei-

sen Co. v. Evans, 174 Ala. 571, 57 So. 39); executory contract to loan money to be used in reconstructing a water power, etc. (Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. [N. S.] 450, 139 Am. St. Rep. 19); a building contract sought to be modified because of breach, unless there was an increase of the construction price. The case of Pioneer S. & L. Co. v. Nonnemacher, 127 Ala. 523, 536, 546, 30 So. 79, was presented by a bill to enjoin foreclosure and for cancellation of mortgage by a building and loan association. The mortgage was to procure funds for additional improvements on grantor's homestead, and the collateral contract required interest on the loan and payments on stock which was transferred as collateral to the mortgage. The "alteration of the original stock contract" set up was made on a subsequent date. It was held that the original stock contract was in a sense an executed contract, yet it was in the performance of conditions attached to it continuing in its nature, and its completion imposed upon defendant the performance of these conditions by the shareholder extending over a number of years, and that such contract was subject to modification by the mutual assent of the parties. In Cornish v. Suydam, 99 Ala. 621, 13 So. 118, Badders v. Davis, 88 Ala. 367, 6 So. 834, and Clark v. Jones, 85 Ala. 127, 4 So. 771, there were building contracts modified during the construction as to time of completion, and as to extra or new work to be done. In Stewart v. Cross, 66 Ala. 22, 28, a bill was filed by the purchaser of land for specific performance, and Mr. Justice Stone declared that the subsequent agreement, after part of the purchase price had been paid and possession delivered, increasing the price by more than the lawful interest, was usurious; that the vendor had the right to treat partial payments as rent, and therefore might waive that provision of the contract by receiving "partial payments on the purchase"; and in Robinson v. Bullock, 66 Ala. 548, 554, the decision was by Mr. Chief Justice Brickell, saying:

"While it may be true that a liability manifested by a contract in writing cannot be discharged by a mere parol executory agreement, it is equally true that a contract in writing, whether under seal or not, executory in all its terms, involving mutual duties, may, by a subsequent parol agreement be modified, altered, or rescinded; and no other consideration is necessary to support such agreement than the mutual assent of the parties."

In that case the modified contract, subsequently made, and which was considered, was for the furnishing of logs to a mill for a period of eighteen months. Deliveries to be made on behalf of the defendant were to be executed by the third parties named, and relieved the defendant of that duty and liability for a breach of such third parties.

There are many other decisions in this jurisdiction to support the text of the foregoing authorities. For example, Elliott v. Howison, 146 Ala. 568, 592, 40 So. 1018, is founded on a breach of contract for delivery of piling of the dimensions and at the price indicated, and which "contained no stipulation as to time"; held, it may be shown by parol that plaintiff stipulated to deliver within ten days; and it was said: "Parties may modify or add to a written contract by a subsequent parol agreement." In Wellden v. Witt, 145 Ala. 605, 40 So. 126, an action in detinue, where the written agreement was for the sale of a mule evidenced by purchase-money note reserving title, there was a subsequent admission as to interest when delivery was being completed, and a subsequent alteration of the note, making it bear interest from date. This modification was upheld. In Warren & Lanier v. Cash, 143 Ala. 158, 39 So. 124, Mr. Chief Justice McClellan said, of assignment against plea 5, that it was bad for the reason that "it is not necessary to allege a consideration for a modification of an executory contract," citing Cooper v. McIlwain, 58 Ala. 296. That plea was to the effect that, when the medicine was purchased, after the contract was signed, it was agreed and understood between the defendant and plaintiff's salesman taking the order that, if, upon trial, said medicine did not suit the defendant, or the latter "determined that the same was not salable, then * * * the defendant could return the same * * * and be relieved from any obligation to pay therefor. * * *"

In Mylin v. King, 139 Ala. 319, 323, 35 So. 998, 999, to a bill for sale and partition of real property the defendant Mylin answered that Hill had had only an equitable interest in the land; that complainant, with defendant, had purchased Hill's interest; and the conditions of that purchase were such as to prevent the complainant from filing said bill. The agreement, so far as complainant and Mylin were concerned, was not executed: but by subsequent agreement between complainant and Hill the original contract was rescinded and canceled. Mr. Justice Haralson said:

"This was competent to be done, the law being that parties may, at pleasure, alter, modify, or rescind a contract, without any new consideration therefor, if the alteration, modification, or rescission is supported by their mutual assent. 3 Brick. Dig. 132, § 146; Hembree v. Glover, 93 Ala. 622."

In the Hembree Case (93 Ala. 622, 8 So. 660), just cited, Mr. Justice McClellan declared that a subsequent verbal agreement changing the terms of the written contract operates as novation, and is binding without other consideration than that of the mutual assent of the parties. The original agreement referred to certain suits pending, and

the modified agreement was as to said amounts proved to be conditioned on the purchase of the lands. And Coleman v. Siler, 74 Ala. 435, involved the waiver of the landlord's lien.

The early cases support the announcement of the foregoing general rule. In Burkham v. Mastin, 54 Ala. 122, the contract was for farming and sale of crops, was modified within the year, and it was held (Brickell, C. J.) competent for the parties, at any time before its breach, to waive or modify the agreement, "and the mutual agreement of the parties is sufficient consideration"; Johnson v. Sellers, 33 Ala. 265, the promise was by a third party to induce performance without consideration; Thomason v. Dill, 30 Ala. 444, 456, action on purchase money of slave: held (Stone, J.) a release under seal not necessary to discharge a contract under seal, and no other consideration is necessary to support such contract than the mutual agreement of the parties, citing Young v. Fuller, 29 Ala. 464; Murphy v. Barefield, 27 Ala. 634; Hussey v. Roquemore, 27 Ala. 281; Borum v. Garland, 9 Ala. 452; Lightfoot v. Strahan, 7 Ala. 444; Langford v. Cummings, 4 Ala. 46. The case of Stoudenmeier v. Williamson, 29 Ala. 558, was a suit for the breach of warranty of the soundness of a slave, and Judge Stone said the action in that case was warranted under the authority of "Thomason v. Dill, at the present term" (30 Ala. 444). See, also, Hertz v. Montgomery Journal, 9 Ala. App. 178, 62 So. 564; Johnson v. McFry, 14 Ala. App. 170, 68 So. 716; Southern States Co. v. Long, 15 Ala. App. 286, 73 So. 148; L. R. A. 1915B, 32.

[2-4] There are authorities in this jurisdiction to the effect that a unilateral secondary or subsequent contract and modification of contract, not founded upon a consideration, is nudum pactum, for that it is an established principle that the doing or undertaking to do only that which one is already under a legal obligation to do by his contract is no consideration for the secondary, subsequent, or new agreement. Stated otherwise, the consideration required to support a new agreement by the parties to the original contract, by which they modify one or more material provisions or particulars of their former contract, or replace it with a substitute, must be reciprocal. New Farley Nat. Bk. v. Montgomery County, 203 Ala. 654, 84 So. 815; Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Montgomery County v. New Farley Nat. Bk., 200 Ala. 170, 75 So. 918; Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; Moore v. Williamson, 210 Ala. 427, 98 So. 201, quære; Cooper v. McIlwain, 58 Ala. 296; Cornish v. Suydam, 99 Ala. 620, 13 So. 118; Hussey v. Roquemore, 27 Ala. 281; Burkham v. Mastin, 54 Ala. 122; L. R. A. 1915B, 32, 37; 28 L. R. A. (N. S.) 450;

11 L. R. A. (N. S.) 789; 34 L. R. A. 38. And the consideration for a modification of an executory agreement must rest upon mutual assent of the parties. Elliott v. Howison, supra; Wellden v. Witt, supra; Warren & Lanier v. Cash, supra; Mylin v. King, supra; Pioneer S. & L. Co. v. Nonnemacher, supra. A written contract may, in the absence of statute, be modified by subsequent oral agreement. 13 C. J. p. 593, § 609.

The general authorities are in accord with this line of decisions of our court. The rule and applications thereof have been thus stated:

" * * * [1] The power and right of the parties to a contract to cancel, change, or replace it by a new one are beyond dispute; [2] that for the new agreement some consideration is requisite; [3] that consideration, where a contract is rescinded, may consist simply of mutual releases; [4] when it is changed in unimportant details without impairing its main obligations and purposes, nothing more than mutual consent is necessary; [5] and when it is explained, supplemented by additional matter not covered, or corrected as to errors, the original consideration is enough for the new agreement; [6] when a contract is altered in some or all of its essential features, or is supplanted by a substitute, the secondary contract must have a new consideration, which may be, of course, the release of old obligations, the lightening of former burdens, the according of new benefits or advantages, but if all the benefits are conferred upon one party, and all the burdens put upon the other, a consideration will be lacking, and the new contract will be void; [7] either party may waive any right or benefit he may have by a contract, and if the other party acts upon the faith of the waiver, the question of consideration is out of the case, upon the doctrine of estoppel; [8] if a new agreement abrogates, alters, or supplants an old one, and is fully executed by performance on both sides, inquiry into its consideration is closed; [9] as to what constitutes a consideration, especially as to what constitutes a sufficient consideration, for a secondary contract, can be understood only by a great multitude of special instances." (The division into subheadings is supplied.) L. R. A. 1915B, p. 70.

The importance of the rule, the difficulty in application, or the determination of what constitutes a sufficient consideration for a secondary contract made it necessary that we illustrate, by the foregoing special instances and circumstances on which rested our many decisions on the question, from Langford v. Cummings, 4 Ala. 46, to Moore v. Williamson, 210 Ala. 427, 98 So. 201.

We observe that our cases have proceeded from the English rule. In the case of Cuff v. Penn (1813, Eng.) 1 Maule & Selwyn's Rep. 21, the defendant had by written contract purchased of plaintiffs "300 hogs of bacon," to be delivered at fixed times and in specified quantities; after a part of the bacon had been delivered, defendant requested the plaintiffs not to press the delivery of the residue, and to which the plaintiffs assented. This was understood "as a parol dispensation of the performance of the original contract," in respect to the times of the deliveries, which was not affected by the statute of frauds. The defendant was held liable for not accepting the residue within a reasonable time. Lord Ellenborough, C. J., said:

"It is admitted that there was an agreed substitution of other days than those originally specified for its performance. * * * Suppose a delivery of live hogs instead of bacon had been substituted and accepted, might not that have been given in evidence as accord and satisfaction? So here the parties have chosen to take a substituted performance. * * *"

[5] The contract here declared upon is set out in the report of the former appeal (210 Ala. 427, 98 So. 201). The amount is fixed by the sum to be paid ($900) on its due date, January 15, 1921; yet the real consideration was that stated "for commissions on the sale of the first parties' farm to Daniel Bros." A written contract may be varied by parol as to its true date of execution and of delivery, and its consideration (Corley v. Vizard, 203 Ala. 564, 84 So. 299); and, if the due date is unequivocally stated, it may not be shown by parol evidence (Formby v. Williams, 203 Ala. 14, 81 So. 682). This rule did not prevent the showing of a release by a mortgagee of personal property by subsequent parol agreement in Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237; and the rule of waiver by matters ex post facto is well established. Nesbitt v. McGehee, 26 Ala. 748; Lowy v. Rosengrant, 196 Ala. 337, 71 So. 439; Gardner v. Ruffner, 206 Ala. 666, 91 So. 580; Abbeville Live Stock Co. v. Walden, supra.

The testimony of Mr. Reed shows that the interlineation of the contract by the insertion of Daniel Bros. (and otherwise as interlined) was to make the same speak the truth, and was done before the contract was signed by the parties.

[6, 7] The defendants, for reply, by said plea undertook to say that, while the contract was executed, in the sense that the amount therein stated was fixed by the parties and to become due as commissions from Moore to Williams, yet that stated consideration was dependent upon the consummation of the sale of Moore's lands to Daniel Bros., and that said sale was not consummated. The true consideration may always be shown by parol, except only the character thereof may not be changed. Corley v. Vizard, 203 Ala. 564, 84 So. 299. This case, as to its executory character, was like unto the case of Pioneer S. & L. Co. v. Nonnemacher, 127 Ala. 522, 536, 546, 30 So. 79, where parol subsequent modification, without additional consideration, was upheld. The duty was upon the Moores to deliver due conveyance to

Daniel Bros., as per the terms agreed upon through their agent, Williams; and the latter had duties to perform in the final prosecution of .the negotiations to consummation. If otherwise, why state in the note that it was for commissions on such sale? Thus the contract, by its terms, is shown to have been bilateral in nature, and being executory as to the parties, may therefore be modified before the breach without the existence of other consideration; the original consideration being sufficient for the new agreement sought to be set up in plea 4. The case should be tried on this plea and the evidence offered in support of that theory. This was not done in the exclusion of the evidence of the witness Taylor, etc.

The judgment of the circuit court is reversed, and the cause is remanded.

.Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.