[Sanders v. Williams.]

# Sanders *v.* Williams.

### *Breach of Warranty in Sale of Horse.*

(Decided Dec. 16, 1909.   50 South. 893.)

1. *Appeal and Error; Assignment of Error; Necessity for.*—Where the court sustained demurrers to the pleas but no assignment of error is based thereon, the action of the court will not be considered on appeal although argued in brief for appellant.

2. *Pleading; Special Defenses; Infants; Avoidance of Contract By.*—To be available as a defense to the party affected thereby, the avoidance of a contract by an infant must be set up by special plea.   (Section 5331, Code 1907.)

3. *Same.*—Where the plaintiff purchased a horse encumbered by a mortgage executed by an infant and paid off the mortgage and brought suit against his vendor for breach of warranty in the sale of the horse, the defense that the mortgage was avoided by the infant is not comprehended in the general issue, and not having been specially pleaded is not available.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Dan Williams against J. D. Sanders, for breach of warranty in the sale of a horse.   Judgment for plaintiff and defendant appeals.   Affirmed.

ESPY & FARMER, for appellant.—Counsel insist that when Rolen traded the horse to appellant that this act was a disaffirmance of the contract he made with the Dothan Mule Company, that from that moment the property embraced in the mortgage was no longer subject to or bound by it, and cite authorities in support of their contention, as follows.—*Craig v. Van Bebber,* 18 Am. St. 569 and note; *Hause v. Alexander,* 55 Am. Rep. 189; *Flexner v. Dickerson,* 72 Ala. 322; *Eureka Co. v. Edwards,* 71 Ala. 248; *State v. Howard,* 88 N. C. 650; *Riley v. Dillon,* 148 Ala. 283; *Manning v. Johnson,* 26 Ala. 446.   On these authorities it is asserted

that the court erred in overruling demurrers to pleas 2 and 3 and in giving the general affirmative charge for the plaintiff.

B. F. REID, and R. D. CRAWFORD, for appellee.—A minor cannot disaffirm a mortgage given for the purchase money of personal ᵖproperty without. restoring the property.—*Curtis v. McDougal*, 26 Ohio 74; *Heath v. West*, 28 N. H. 108. He must disaffirm in whole or not at all.—*Cogley v. Cushman*, 16 Minn. 397; *Robbins v. Eaton*, 10 N. H. 561. The defense of infancy is a personal privilege, and cannot be availed of by the assignee of the infant or his privies in estate.—*Riley v. Dillon*, 148 Ala. 283. An infant, cannot, by trading the property avoid the mortgage or disaffirm it.—46 Ala. 108; 60 Ala. 107; 71 Ala. 257; 76 Ala. 343; 94 Ala. 223; 111 Ala. 188.

McCLELLAN, J.—Action, by appellee against appellant, for breach of warranty in the sale of a horse; the alleged breach consisting in the existence of an outstanding incumbrance upon the animal created by one Rolen, an original purchaser thereof from the Dothan Mule Company. The court sustained plaintiff's demurrers to pleas 2 and 3, and counsel for appellant insist, in brief, that this action was error. There are no assignments of error questioning such rulings. We must, accordingly, refrain from considering them. The only errors assigned are those predicated upon the giving of the general affirmative charge for the plaintiff, and, on the other hand, its refusal to the defendant. The trial was solely upon issues made by a general traverse of the allegations of the complaint.

The character and basis of the action has been indicated. Several questions are mooted and discussed in brief for appellant; but according to our view they can-

not be treated and decided on this appeal, unless it can be said that the general issue alone affected' to raise the same questions of law that the rulings on the demurrers raised. The filing of these pleas (2 and 3) clearly evidence the view of counsel that the matter of defense set forth in the pleas required special assertion, and were not comprehended in the general traverse, also pleaded. Independent of any influence of this fact, we will briefly consider the inquiry that the general issue embraced the matters of defense now argued in brief for appellant.

Rolen bought the horse from the Dothan Mule Company. He, paid part of the purchase money in cash, and gave a mortgage, covering the animal, to secure the balance. Rolen was an infant at the time, and had not, when this suit was instituted, attained his majority. He sold the animal to defendant; the testimony, as appears from the bill, which purports to contain all the evidence, being entirely silent in respect to whether the sale was unconditional, or in express, implied, or otherwise, recognition of or subordination to the mortgage to the Dothan Mule Company. The defendant traded the mule to the plaintiff, warranting the freedom of the animal from incumbrance or lien. The mortgagee, under the terms of the mortgage and after its law day, demanded the horse of the plaintiff, who, to avoid seizure and sale, paid the mortgage debt. There seems not to have been, nor is there now, any contention that the registration of the mortgage was not legally effected.

It is urged for appellant that the sale of the animal by Rolen was an act of disaffirmance of the contract of mortgage, thereby rendering the instrument a nullity, and hence relieving the animal, in the hands of plaintiff, free from the charge thereof, and, in consequence, obviating the breach of warranty declared on in the

complaint. Assuming for the occasion only that an infant, before attaining his majority, may avoid his contract, and also that an unconditional sale of the chattel evinces an intention to not be bound by the mortgage, and that such an act avoids the mortgage, we think there can be no serious doubt but that, in order to avail a party affected by the avoidance (granting for the argument that he may plead it), that matter must be specially pleaded. Our statute requires the special pleading of all matter of defense, unless reliance is put solely on a denial of the plaintiff's cause of action.— Code 1907, § 5331. In many of our decisions the substance of the statute, in this regard, has been expressed in the terms: The general issue denies and puts in issue the truth of the averment of the complaint.

The complaint here, aside from other presently unimportant averments, alleges that the horse in question was incumbered with a mortgage to the Dothan Mule Company. The mortgage's legal execution and existence was not denied, except as that resulted from an act imputed to the mortgagor, subsequent to the execution of that instrument. The mortgage was valid, is the effect of the contention, until the mortgagor, an infant, disaffirmed and avoided his only voidable, not void, act. The plaintiff, in effect, says: "I was compelled to pay an incumbrance, a mortgage, resting upon the animal, and you assured me there was none." In reply the defendant would say: "There was such a mortgage, efficacious and valid, but the mortgagor exercised an election to avoid it; and hence I am excused from liability for breach of warranty on that account." Unquestionably the complainant's allegations, in that respect, were proven prima facie by the introduction of the mortgage duly executed. To avoid it the

[Johnson v. Frederick.]

act of the mortgagor must be invoked, whereby is nec-essarily implied that a valid mortgage did exist but an election availed of aborted it.

The basis of the act operating, it is insisted, the avoidance of the mortgage, was the infancy of the mort-gagor. Infancy is, it is never now doubted, matter of special plea. If Rolen had been haled into court to an-swer the Dothan Mule Company's suit, either for the debt or to recover the horse, and Rolen had relied upon his minority to relieve him from the binding qualities of his contract, merely voidable, it is evident he must have pleaded specially his infancy. Can this defend-ant, asserting, in defense, that identical power given the infant, stand upon any higher ground, or enjoy a more liberal indulgence than the infant himself could have enjoyed? We think not.

Since the defensive matters urged in brief were not specially pleaded, and were not comprehended in the general issue pleaded, the result must be the affirmance of the judgment below upon the only two errors as-signed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.