147 So. 665

## TITLE INS. CO. v. COWAN LUMBER CO. et al.

### I Div. 759.

Supreme Court of Alabama.
April 20, 1933.

486

Armbrecht, Hand & Twitty, of Mobile, for appellees.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

ANDERSON, Chief Justice.

■■ It seems well settled by the weight of authority that an agreement in a mortgage to release certain parts of the property mortgaged in case of a sale of same by the mortgagor and the payment to the mortgagee of a fixed sum therefor is not only for the benefit of the mortgagor but his assigns and grantees as well, and whether so provided in the mortgage or not. It is also well settled that the right to release does not terminate with the maturity of the debt secured, but extends to the time of the foreclosure of the mortgage. Vawter v. Crafts, 41 Minn. 14, 42 N. W. 483, Gammel v. Goode, 103 Iowa, 301, 72 N. W. 531, St. Louis Union Trust Co. v. Chicot County Cotton-Alfalfa Farm Co., 127 Ark. 577, 193 S. W. 69, Sacramento Co. v. Whaley, 50 Cal. App. 125, 194 P. 1054, Schexnayder v. Capital Riverside Acres, 170 La. 714, 129 So. 139, Bailey v. Inman (Fla.) 140 So. 783.

Appellant's counsel insist that the right to obtain the release expired with the maturity of the mortgage debt, relying on the case of Clarke v. Cowan, 206 Mass. 252, 92 N. E. 461, 138 Am. St. Rep. 388. This Massachusetts case is not in line with the great weight of authority.

The bill of complaint avers that the mortgage from Gaston to the respondent provides that respondent would release from the lien of said mortgage any lot or lots conveyed thereby and sold by the mortgagor for the sum of $100 per lot, and that the amount so paid was to be applied to the last maturing notes; that on May 31, 1929, Gaston paid the respondent, on said mortgage, $49, as interest, and $500 on the principal. This was shortly after Gaston had sold the four lots in question to the complainant, the Cowan Company, and the amount so paid was in excess of the sum required to be paid as per the agreement as a consideration for the release of the lots, and did not, in effect, reduce the respondent's security for the rest of the mortgage debt. True, the bill does not charge that Gaston obtained a release of the lots so sold at the time he paid the $500, but, in equity and good conscience, he and his grantee, the Cowan Company, are entitled to the release inasmuch as the mortgagee knew the lots had been sold when the payment was made. We therefore hold that the bill contains equity in so far as it seeks a release of the lots and a cancellation of the respondent's mortgage as to said lots.

As to so much of the bill as seeks an estoppel, we feel it unnecessary to decide this question, but, conceding that it is defective, the demurrers go to the whole bill and not this feature of same, and, as long as the bill contains equity, the trial court cannot be reversed for overruling the demurrer. Thompson v. Brown, 200 Ala. 382, 76 So. 298, and cases cited.

It is suggested, but not seriously argued in brief, that there is a misjoinder by making Gaston a party complainant to the amended bill. The interest of Gaston may not be identical with that of the other complainant, but, being the grantor to the Cowan Company, and having paid the $500, he cannot be said to be without some interest in the matter, and is certainly not an improper party as complainant or respondent.

The decree of the circuit court is affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.