### MANESS et al. v. WOODALL.

8 Div. 495.

Supreme Court of Alabama.

June 1, 1933.

Wm. C. Rayburn, of Guntersville, for appellants.

Thos. E. Orr, of Albertville, for appellee.

GARDNER, Justice.

■ The bill discloses that complainant has been duly appointed and qualified as the trustee in bankruptcy of the estate of George L. Maness, Jr., and as such authorized to institute this suit to have set aside a fraudulent transfer of certain real estate theretofore the property of said bankrupt. This character of suit is expressly authorized by the bankrupt laws, is very generally exercised, and the four months' limitation has no reference to such a proceeding. 2 Remington on Bankruptcy, § 1216; 7 Corpus Juris, 247; Exchange Nat. Bank v. Stewart, Trustee, 158 Ala. 218, 48 So. 487.

There is nothing in the bill to indicate the property alleged to have been conveyed was in any manner exempt to the bankrupt, and the argument to the contrary appears unsupported by the averments.

■ Whether defendant could question the competency of the trustee to serve in that capacity for any reason, we need not stop to inquire, as clearly the matter of plaintiff's age would be of a character requiring the interposition of a plea, Howland v. Wallace, 81 Ala. 238, 2 So. 96; City of Albany v. Wilson, 216 Ala. 174, 112 So. 435, and infancy of defendants, if any existed, must be a matter of special defense, Sanders v. Williams, 163 Ala. 451, 50 So. 893.

■ The sufficiency of the bill's averments to avoid the transfer of the property as in fraud of the creditors does not appear to be otherwise questioned. It appears the deed was signed by mark, and witnessed by one witness only. But it was nevertheless enforceable as a contract to convey (Lowery v. May, 213 Ala. 66, 104 So. 5), and is subject to be set aside as if executed in due form. The alternative feature of the bill for cancellation of the deed as invalid by reason of above noted defect would therefore serve no purpose if complainant proves successful upon the bill's primary theory of setting it aside as a fraudulent conveyance.

■ The demurrer is addressed to the bill as a whole, and, under Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413, the chancellor presumably did not pass upon the partial demurrer. The questions argued therefore as to the sufficiency of the bill in the aspect last referred to are not here presented for consideration. Roberts, Admr'x, v. Ferguson (Ala. Sup.) 147 So. 894;[1] City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Title Ins. Co. v. Cowan Lumber Co., 226 Ala. 485, 147 So. 665.

No reversible error appears, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

[1] 226 Ala. 594.