54 So.2d 460

**GOLDEN et al. v. GOLDEN.**

8 Div. 566.

Supreme Court of Alabama.

Oct. 4, 1951.

188

LIVINGSTON, Chief Justice.

This is an appeal from a final decree in equity specifically enforcing an instrument executed by heirs at law of W. B. Golden, deceased, wherein they agreed that the widow, their mother, might have a life interest in real property to which they held legal title, and right to use of personal property.

W. B. Golden died intestate July 9, 1946, leaving as survivors his widow, Mrs. Carrie Golden, and nine children, viz.: O. H. Golden, Claude Golden, Bertha Sanders, Leonard Golden, Eva Sanders, Myrtle Baugh, William Golden, Fannie Golden and Leroy Golden. He left an estate consisting of approximately 76 acres of land, $2,700 in cash in bank and other personal property of apparently small consequence. On October 20, 1947, on their petition, O. H. and Leonard Golden were granted letters of administration upon the estate. Shortly thereafter the administrators filed petition in the probate court to set aside homestead exemption and dower interest to the widow in the land described and, also, to allot to her $1,000 worth of personal property. Commissioners and appraisers were appointed by the court and made their report. Thereafter the administrators filed a petition to require the widow to account for the personal property. At the same time they filed petition for authority to pay to the widow $1,000. It appears that authority for payment of this sum to the widow was granted and the money paid. It would seem, however, that the petition for an accounting was abandoned. The administrators filed a report of partial settle-

---

Brown, Scott, Dawson & Stockton, Scottsboro, and Chas. J. Scott, Fort Payne, for appellants.

H. T. Foster, Scottsboro, and H. G. Bailey, Boaz, for appellee.

ment. On the same date Leonard Golden, individually, filed a petition to sell the remainder of the lands, after allotments made to the widow, for division among the joint owners thereof. Action upon this petition to set apart exemptions in the land to the widow and upon the petition to sell for division were pending when Leonard Golden effected the removal of administration of the estate from the probate court to the circuit court in equity.

In the circuit court submission was had upon the petition to sell the lands, and a decree was entered ordering such a sale on a date fixed therein. Prior to the date of sale, however, the widow, Mrs. Carrie Golden, filed an original bill, making respondents thereto all of the heirs at law hereinabove named. The bill alleges that on September 30, 1946, the respondents, surviving children and heirs at law of W. B. Golden, excepting O. H. Golden, executed and delivered to complainant, their mother, an instrument in writing attached to and made a part of the bill. The purpose and prayer of the bill is that the instrument be given effect as one conveying a life estate in the lands to complainant and a conveyance or sale to her of their interests in the funds of the estate—except as to the interest of said O. H. Golden—or, in the alternative if the instrument be held to be insufficient as such conveyance, that it be held to be an equitable agreement to convey such interests and that it be specifically enforced as such.

Omitting the signatures, the instrument exhibited with the bill is as follows:

"State of Alabama ⎫
"Jackson County ⎬ Agreement
　　　　　　　　 ⎭

"Know All Men By These Presents, That, Whereas, W. B. Golden, deceased, departed this life in Jackson County, Alabama, in June, 1946, and,

"Whereas, the said W. B. Golden, deceased, left surviving him his widow, Carrie Golden, and the following named children: Leroy Golden, Fannie Golden, William Golden, Mrs. Myrtle Baugh, Mrs. Eva Sanders, Mrs. Bertha Sanders, Leonard Golden, Claud Golden and Oscar Golden, as his heirs and only heirs at law, and,

"Whereas, the said W. B. Golden was at the time of his death seized and possessed of a farm consisting of eighty (80) acres of land located near Section, Alabama, and in addition was seized and possessed of Two Thousand Seven Hundred Ninety-Six and 86/100 ($2796.86) Dollars, in cash, together with other personal property consisting of farming tools, equipment, etc., and,

"Whereas, it is the desire of the undersigned that their mother, the said Carrie Golden, have the use and benefit of the above described farm for and during her lifetime, and that she have the use and benefit of the cash and other personal property belonging to the said W. B. Golden at the time of his death, with the right and privilege of using so much or all of said cash and said personal property as may be necessary to comfortably support her for and during her lifetime.

"Now, Therefore, in consideration of the premises, and the love and affection that we bear toward our mother, the said Carrie Golden, and the further consideration of Five and 00/100 ($5.00) Dollars, cash, to us in hand paid by the said Carrie Golden, we do hereby agree that our said mother shall have the use and benefit of the above described farm for and during her lifetime, with the right and privilege to rent said farm and to collect the rents therefrom, and to exercise full and complete control of said farm as though the same were her own, for and during her lifetime; and we further agree that our said mother have the cash now on deposit with the State National Bank, Scottsboro, Alabama, in the sum of $2796.86 for her use and benefit, with the right and privilege to spend and use all or so much of said money as may be necessary for her comfortable support and maintenance, for and during her lifetime, together with the use of any other personal property that our deceased father, W. B. Golden, owned at the time of his death, with the understanding that any unused portion of said cash now on deposit with the State National Bank and any personal property remaining shall revert to the undersigned, according to the law of descent and distribution in the State of Alabama, upon the death of our said mother.

"Witness our hands and seals this the 30 day of September, 1946."

Respondents O. H. Golden and Leonard Golden, as administrators and individually, and Mrs. Bertha Sanders and Mrs. Myrtle Baugh moved to strike the bill and filed a demurrer thereto. These being overruled, they filed an answer attacking the instrument on the grounds (1) that it was not signed at all by respondent O. H. Golden, and was signed by the other respondents joining in the answer as the result of false and fraudulent representations made by other heirs; (2) that the instrument had to do with real estate and was not executed in the presence of witnesses in the manner required by law; and (3) that the agreement was signed with the understanding that it would not become binding until or unless signed by each and every heir of said W. B. Golden. Testimony was taken by agreement, and the cause was submitted for final decree on the bill and answer and testimony noted.

By its decree the court below held that the instrument involved was not sufficient as one to convey title to real property, but that it was susceptible of enforcement as an agreement to convey upon the part of all those who executed it. It was, therefore, decreed that a life estate in and to the interest of each of those signing the instrument in the realty be divested out of them and invested in the complainant, and, further, that the net funds remaining in the hands of the administrators be declared to be the property of complainant, with right to the use thereof as stipulated in the agreement. It was ordered that the administrators make an accounting for final settlement of the administration, and further decreed that the administrator Leonard Golden might proceed to sell the interest of O. H. Golden (who did not sign the instrument) in and to the lands, under the prior decree of the court on the petition to sell for division.

O. H. Golden, Leonard Golden, Bertha Sanders and Myrtle Baugh appeal.

Neither the assignments of error nor brief for appellants present any question for review other than the final decree; and the only insistences for error are (1) that the court erred in holding that the agreement in question was a binding agreement; (2) that it was error to require the appellant administrators to make accounting and settlement of the estate, and to permit the widow to expend funds of the estate during her lifetime; and (3) that it was error to direct a sale of O. H. Golden's interest in the lands.

 It is contended that the agreement on its face showed that it was not to be binding upon any of the heirs unless it was signed by all of them, and that, since it was not signed by O. H. Golden, it was not valid. This contention cannot be sustained. The agreement does not so stipulate, nor is it susceptible to such interpretation. While some of the appealing respondents testified to an understanding that all of the heirs should sign to make it effective, predicated upon representations purportedly made to them by other of the heirs, the evidence as a whole is sufficient to justify a contrary conclusion. Whatever interests the heirs at law acquired and held in the lands by inheritance were not joint, as at common law, but each heir could sell his interest separately. So that, if the agreement be valid otherwise, it would be sufficient to convey the interests of those who signed. Gore v. Gore, 250 Ala. 417, 34 So.2d 580.

 While the instrument bears the names of fifteen persons under the caption "Witnesses", the testimony shows that they subscribed their names after the agreement had been executed, and at the request of some one of those who had signed it. Upon this premise, appellants next insist that the agreement was void and unenforceable as one to convey an interest in real estate, in view of the statute requiring the execution of such an instrument to be attested by a witness or witnesses. Title 47, § 22, Code 1940. It is contended further, in brief, that the agreement is void because not joined in by the wives of the married men nor by the husbands of the married women, citing Title 34, § 73, Code of 1940, and Thomas v. Davis, 241 Ala. 271, 2 So. 2d 616, among others. These contentions overlook the terms of the decree adjudging the instrument to be inefficacious to con-

vey an interest in land, and the concession in appellee's brief that the instrument cannot operate as a conveyance of the legal title. The question of the validity of the instrument as a conveyance of title to real property is therefore not presented to us. The real and only question is whether or not the agreement is one which may be enforced in equity as an agreement to convey.

We have frequently held that when a deed purports to convey a title to real estate, is signed by grantor and delivered but not witnessed or acknowledged as required by law, it is in legal effect an agreement to execute an instrument passing legal title though it is inoperative itself to pass legal title. Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484 (and cases therein cited); Maness v. Woodall, 227 Ala. 38, 148 So. 744, among others.

We come now to that contention in appellant's brief "that the agreement is void because not joined in by the wives of the married men nor by the husbands of the married women." Hereinabove we have shown the substance of the grounds of the demurrer to the bill, unnecessarily, perhaps, since the decree overruling the demurrer is not assigned as error on this appeal, but serviceable as showing the issues raised on the trial. We have also shown the issues raised by the answer to the bill. It is to be observed that the defense here sought to be presented, that the wives and husbands of certain of the parties did not join in execution of the instrument in question, was not asserted in the court below. While it seems clear from the testimony that some, if not all, of the parties signing the instrument were married, there is an entire absence of evidence as to the marital status of the vendors or grantors in such sort as to show a necessity for joinder in execution of the instrument by the wife or husband of any of such vendors or grantors. It is sufficient answer to this contention that a defense in no way asserted in the trial court cannot be raised for the first time on appeal. Prowell v. Wilson, 219 Ala. 645, 123 So. 38; Deason v. Dobson, 250 Ala. 396, 34 So.2d 596.

It results that, on the issues presented and tried, the trial court properly decreed specific enforcement of the agreement as against those who were parties to it. Having assumed jurisdiction of the administration of the estate, it was unquestionably within the power of the court to order an accounting and settlement of the estate by the administrators.

We think, however, that the court erred in directing a sale of O. H. Golden's interest in the real property under a prior order of the court for a sale of the whole property for division of the proceeds among the joint owners or tenants in common. It is agreed on both sides, and recognized in the decree, that O. H. Golden's interest in the entire estate was unaffected by the agreement to which he was not a party. Since it was decreed, and properly so, that his interest was so unaffected, and in view of the issues made in this proceeding, he could not be required to submit to a sale of his interest in the realty. Such a sale could not be sanctioned under the petition of Leonard Golden alone to sell the entire title for division of the proceeds among the tenants in common. As to funds involved, O. H. Golden's interest therein being likewise unaffected by the agreement, appropriate provision should be included in the decree for the protection of his interest (due regard being had for the allotment of a part thereof previously made to the widow on the petition to which O. H. Golden was a party), and this after the coming in of the accounts of the administrators showing the status of such funds.

It results that the decree is affirmed insofar as it specifically enforces the agreement on the part of those who signed it. However, insofar as it undertakes to order a sale of the interest of O. H. Golden in the land, the decree is reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, in part reversed and remanded with directions.

BROWN, LAWSON and STAKELY, JJ., concur.