(130 So. 81)

## MAY v. ROBINSON.

### 4 Div. 468.

Supreme Court of Alabama.

June 5, 1930.

Rehearing Denied Oct. 9, 1930.

A. R. Powell, of Andalusia, for appellant.

Powell & Albritton, of Andalusia, for appellee.

BOULDIN, J.

The bill is to cancel and enjoin the foreclosure of a mortgage on lands upon the ground that the mortgage debt had been paid or tendered in full, or in the alternative to redeem.

Complainant was denied relief and a decree of foreclosure entered, from which complainant appeals.

In September, 1919, J. M. Robinson and J. E. Brawner contracted to sell Gus May, Sr., a tract of lands in Covington county for $14,500. An executory contract was made, by which J. E. Brawner was to be paid $7,000 cash for his interest, and notes and mortgage for $7,500 payable in yearly installments of $1,500 each to be executed to J. M. Robinson.

A warranty deed reciting payment of purchase money in cash was made and put in escrow until the transaction should be closed on or about January 1, 1920.

Later notes and mortgage were drawn by Robinson and sent to Huntsville, where they were signed and acknowledgments to the mortgage taken.

About February 4th Mr. May brought these papers to Andalusia.

A question arose between Robinson and May as to whether the notes and mortgage conformed to the original contract. Robinson had drawn the notes and mortgage so as to make interest payable annually on the principal debt remaining unpaid from year to year; this, by the convenient method of including the annual interest in the face of each note, making the amounts of the several notes $2,100, $1,980, $1,860, $1,740, and $1,620.

May claimed each note should be for $1,500 principal, bearing interest from date, but not payable annually.

Judge Robinson claims Mr. May became convinced the notes and mortgage were drawn correctly and accordingly paid Brawner, delivered the notes and mortgage, accepted the deed, took possession of the property, and he and his successors have held it to this day.

Mr. May died soon after the transaction. Gus May, his son, complainant in this suit, by family agreement, acquired this property and assumed the position of his father in relation to the mortgage debt.

The theory of the bill is that the original contract was as contended by complainant's father; that the papers were brought to Andalusia to be delivered only on entering some notation thereon making proper correction; that they were not voluntarily delivered to respondent, but having them in hand in course of the negotiations respondent retained them. The bill proceeds on the idea that the original contract remained in force, and accordingly shows that from year to year complainant paid the annual installments with simple interest thereon, except the fifth and last; that he sent a check for this with a notation thereon showing it was in full of the

balance on the mortgage debt, which was returned because claimed to be insufficient; that a tender was then made of the amount and the money brought into court on the filing of this bill.

It is clear enough a dispute has gone all these years; that checks have been sent from year to year as claimed with such notations as these: "For 2nd p'm't on land mortgaged." "For p'm't of 3rd note on land, known as Robinson place." And "For payment of 4th note." These checks have been cashed and proceeds applied as credits on the notes, and letters of advice written by the mortgagee to the mortgagor from time to time showing how the checks were being applied, and balance due on matured installments.

In brief of appellant accord and satisfaction is claimed. The bill presents no such issue. It claims the real indebtedness was represented by the original contract, and same has been fully paid or tendered. The law of accord and satisfaction applicable to the facts of this case need not be considered.

In our view, the controversy as to the terms of the original contract touching interest, who is responsible for its loss, how the possession of the notes and mortgage passed to respondent. is all immaterial.

Without dispute the deed was delivered, possession taken and held thereunder, cash payment made, the possession of the mortgage and notes by respondent acquiesced in, and payments made thereon.

Delivery of the notes and mortgage has been ratified. If acquired in the first instance without assent of the maker, he had an election to reclaim them by legal means, and proceed for specific performance of the original contract, if at variance with the notes and mortgage.

Under the undisputed evidence, complainant cannot now repudiate the notes and mortgage as expressive of the true contract.

Appellant has the view that without further consideration, there could be no increase in the mortgage debt above that named in the original contract.

It must be regarded as the settled law of this state that so long as a contract is executory, the parties are at liberty to modify it at pleasure. No new consideration is required. Mutual assent is sufficient. The power to make a contract is the power to rescind or modify it in such case. Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981, note 987; Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666.

The court allowed an attorney's fee claimed by respondent as per stipulations of the notes and mortgage.

Evidence was taken as to a reasonable attorney's fee, but such testimony was not noted in the submission as per Chancery Rule 75. This rule is mandatory. Testimony not noted is not before the court. Relief granted, dependent on the support of such evidence, cannot be sustained on appeal. Lunday v. Jones, 204 Ala. 326, 85 So. 411.

While the court in passing upon opinion evidence touching reasonable attorney's fees may and should deal with the matter in the light of his own knowledge of the subject (Dent v. Foy, 214 Ala. 243, 107 So. 210), we deem it inadvisable to establish or sanction any practice of fixing reasonable fees by the court wholly without evidence.

The court recognized in his decree the right of complainant to have a deduction for taxes assessed as of October 1, 1919, the warranty deed becoming effective after that date. But he allowed only one-half such sum. This apparently on the idea that Brawner should pay one-half.

The breach of warranty was several as well as joint. Robinson, as to this complainant, owes the whole. Any right of contribution against Brawner inures to him.

For the errors touching the allowance of an attorney's fee, and touching the deduction for taxes, the decree is reversed, and cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.