ELLIS *v.* SOUTHERN FARM BUREAU CASUALTY INS. CO.

No. 40816 June 9, 1958 103 So. 2d 357

*Thos. J. Wiltz,* Biloxi; *Pittman & Pittman,* Hattiesburg, for appellant.

*Wallace & Greaves*, Gulfport, for appellee.

ARRINGTON, J.

There is no dispute in the facts and the case was tried on a stipulation of facts.

On January 3, 1952, Southern Farm Bureau Casualty Insurance Company issued to Arvin Hubbard an automobile liability policy covering a Ford automobile and insuring Hubbard against liability for injuries to others. The policy provided:

"The unqualified word insured, wherever used in Coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

After the issuance of the policy, Hubbard become a member of the armed forces of the United States, and Southern Farm Bureau Casualty Insurance Company, upon learning of this fact, requested a restrictive endorsement be made a part of the policy. The company had the right under the terms of the policy to cancel the policy at anytime upon giving Hubbard five days notice. Hubbard agreed to the restrictive endorsement, signed it, and it was attached to the policy in the following language:

"Subject to all other terms and conditions of the policy to which this endorsement is attached it is understood and agreed by and between the Company and the Named Assured that as a part of the consideration for the issu-

ance or continuance of this policy, in addition to the premium charged, it is hereby understood and agreed that the policy to which this endorsement is attached shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by any driver other than the named insured or member of his family.

"This endorsement shall not in any way penalize or effect the interest of a lien-holder under any mortgage or lien on the motor vehicle described in the policy providing the company has prior notice of such interest.

"All provisions of said policy in conflict with this endorsement are hereby modified to conform to this endorsement. All other provisions shall remain the same. Nothing herein contained shall alter, vary, waive, or extend any provision or condition of the policy except as herein provided.

"Attached to and forming part of policy number 232504 issued to Arvin Hubbard of Harrisburg, Arkansas.

"Effective date of this endorsement 9-2-53.

"Southern Farm Bureau Casualty Insurance Company
"Joe C. Hardin, President
"Countersigned at Jackson, Miss.
on 9-2-53
"I hereby agree to the terms of this endorsement.

"/s/ Arvin Hubbard"

No premium adjustment or change in the amount of the premium was made as a result of the restrictive endorsement.

While the policy was in force with the premium paid and after the effective date of the restrictive endorsement, the automobile described in the policy was being operated by a person, with the permission of Arvin Hubbard, the insured, who was not the named insured and who was not a member of the family of the named in-

sured, when said automobile was involved in an accident in which the appellant, Mrs. Bernadette Ellis, received personal injuries. Mrs. Ellis filed suit against Arvin Hubbard, who thereafter died, and judgment was rendered against the legal representative of Arvin Hubbard, deceased, in the sum of $20,000. Southern Farm Bureau Casualty Insurance Company did not defend said suit, relying upon the restrictive endorsement which excluded coverage of the policy when the automobile was being operated by any driver other than the named insured or a member of his family. The judgment against the legal representative of Arvin Hubbard was by default.

Mrs. Bernadette Ellis, holder of the judgment aforementioned, sued out a writ of garnishment against Southern Farm Bureau Casualty Insurance Company, who answered denying liability to the legal representative of Arvin Hubbard, deceased. The stipulation of facts provided in part as follows:

"It is stipulated and agreed that the above facts are admitted as true and correct as between the parties hereto and that the matter may be submitted to the Court upon this stipulation of fact as to the applicability and validity vel non of the exclusionary endorsement referred to aforesaid and attached to the policy of insurance; that if this endorsement can be given legal effect, then judgment should be entered for the garnishee, that if said endorsement cannot be given legal effect as contended by the plaintiff, then judgment should be entered against the garnishee, to the extent of applicable policy limits."

It was also stipulated that the restrictive endorsement which constituted a modification or restriction upon the original coverage of the policy would have to be supported by a proper and sufficient consideration; that plaintiff, Mrs. Bernadette Ellis, contends that there was no sufficient consideration and garnishee, Southern Farm Bureau Casualty Insurance Company, contends that

there was sufficient consideration. The issues thus made on the contest of the answer of the garnishee, Southern Farm Bureau Casualty Insurance Company, was resolved in favor of the garnishee and the court dismissed the garnishment proceedings. From this judgment, Mrs. Bernadette Ellis appeals to this Court.

The question is whether the restrictive endorsement excluding from the coverage of the policy persons other than the named insured and members of his family, was invalid as being without consideration.

There is some conflict of authority on this question, the few reported cases involving facts somewhat different from those present in the instant case. See Wackerle v. Pacific Employers Insurance Company, 219 F. 2d 1, 52 A. L. R. 2d 815, and annotation following.

■■■ Since there is nothing ambiguous in the restrictive endorsement, it should be construed according to the usual rules of law applicable to contracts. This Court has held that "any new agreement between the parties to an existing executory contract, made in substitution or modification of the elder compact and bilateral in benefit or burden, has, like the primary contract, a sufficient consideration in the mutual advantages or obligations which it confers or imposes." Producers Gin Association v. Beck, 215 Miss. 263, 60 So. 2d 642. This rule is applicable to insurance contracts. In Hartford Fire Insurance Company v. Aaron, 147 So. 628 (Ala.), the Court said:

"There is no doubt that a general agent with authority to enter into such contracts may make alterations to the same extent as the insurer could make, while such authority continued. Such contract could be altered or amended by a subsequent parol agreement. 26 Corpus Juris, 284. It is conceded that an alteration of the contract by subsequent agreement must be based on a consideration. Great Am. Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658.

848

"But, so long as the contract remains executory and continuing, reliance upon its binding effect thus altered and continued by such agreement is a sufficient consideration, for thereby the insured is lulled into security by the assent of the company to such alteration, when otherwise he could have taken other steps for his protection. Ala. State, etc., Ins. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 676, 26 So. 655.

"It is not different from the general rule which pertains to the right to modify any other written executory contract not governed by the statute of frauds. Such rule is that, if the contract is bilateral in its advantages and obilgations, it may be modified by mutual agreement before a breach without any other consideration than the mutual assent of the parties, to its continued binding effect upon both of them. Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981; Gray & Sons v. Satuloff Bros. 213 Ala. 526, 105 So. 666; May v. Robinson, 221 Ala. 570, 130 So. 81."

 When Hubbard entered the armed forces the appellee had the unquestioned right to cancel the policy. There was no restriction of the right to cancel. The appellee requested the restrictive endorsement and Hubbard agreed thereto and signed the endorsement. The parties agreed that the endorsement modifying the policy as to the persons covered was in consideration of the continuance of the policy. This was sufficient consideration. In order to save cancellation of the policy, an advantage to Hubbard, he agreed to the endorsement, signed it, and it became a part of the contract. It is difficult to see how it can be argued that the new situation was not supported by a consideration. We hold that the endorsement was supported by adequate consideration and was valid.

The other assignments of error present no question justifying discussion.

Affirmed.

*Roberds, P. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.