236 So.2d 730 (1970)
UNITED STATES FIDELITY & GUARANTY CO., Appellant,
v.
John H. MATHIS.
No. 45837.
Supreme Court of Mississippi.
June 8, 1970.
Fred B. Smith, Robert W. Elliott, Ripley, for appellant.
Thomas E. Pegram, Jr., Marion D. Roten, Ripley, for appellee.
PATTERSON, Justice.
This is an appeal from the Circuit Court of Tippah County where the lower court, sitting without a jury, rendered a judgment in favor of the plaintiff, John H. Mathis, for the loss of his automobile. The sole issue presented is whether an endorsement which was added to the policy excluded coverage if damage was incurred while the vehicle was driven by the son of the plaintiff.
The stipulated facts are in part as follows:
"It is hereby stipulated and agreed that on July 16, 1963, the defendant, United States Fidelity and Guaranty Company, acting by and through its duly qualified agent at Walnut, Mississippi, to-wit, McCoy Insurance Agency, wrote and delivered to the plaintiff, John H. Mathis, its policy of insurance numbered AF 6515986 which was a liabiltiy policy only. On August 2, 1963, defendant wrote Policy AF 6763556 for the plaintiff which afforded physical damage coverage. At that time Jerry L. Mathis, the son of the insured and a member of his household, was covered by said policies. That subsequent to the date of said policies, and on March 24, 1964, the said Jerry L. Mathis was involved in an accident with one Daniel E. Hodum, and the company paid a loss by way of property damage to Hodum in the sum of $30.68. On July 16, 1964, a new policy was written by the defendant, same being a new policy rather than a renewal, because it combined both physical coverage with liability coverage, which was not the case with the old policy, the number of this policy being AF 7239485, expiring July 16, 1965. On September 12, 1964, Jerry L. Mathis was involved in another accident, and the company was required to pay a collision loss in the sum of $515.03. After notice of the September 12, 1964, accident, and in view of the fact that this was the third accident involving Jerry L. Mathis, the defendant requested its agent, McCoy Insurance Agency, to secure an endorsement on said policy excluding coverage while the automobile was operated by Jerry L. Mathis. That under the terms of the policy then in existence, if this endorsement was signed by the plaintiff, he was entitled to a refund on the premium in the sum of $53.00; if it was not signed, the defendant had the right to cancel the entire policy then and there, *731 upon notice to the insured. The endorsement was duly signed by the plaintiff on September 26, 1964, which endorsement appears as an exhibit to the answer, and is here referred to and considered as a part of this statement of fact as fully as if written herein in words and figures. That pursuant to the execution of such endorsement, the plaintiff received a refund on said policy in the sum of $53.00, as shown by the exhibits to the answer of the defendant herein, on the 28th day of September, 1964.
"Prior to the date of the expiration of said last policy, on July 16, 1965, a renewal policy was issued which was numbered CAF 181217 covering a period from July 16, 1965, to July 16, 1966, and same was written at the lower rate which was in existence after the execution of said endorsement on September 26, 1964, and after the refund of $53.00 of premium on said policy, and was written as and intended to be a renewal for another year of policy number AF 7239485. At that time Jerry L. Mathis was a member of the armed services of the United States and not at home, but stationed in the State of California; and for that reason, said endorsement was not placed on the renewal policy by the agent writing said renewal, although it was intended as a renewal of the previous policy. That when the agent of the defendant wrote and prepared said policy intended as a renewal of the previous policy, he mailed same to the insured, without containing said endorsement as to Jerry L. Mathis, which was on the original policy, of which it was a renewal and extension; and which was written at the lower rate which applied after said endorsement had been attached to the previous policy. Thereupon, in accordance with company requirements, the copy of said policy, intended as a renewal, was forwarded to the Meridian office of the defendant by its said agent at Walnut, Mississippi. That upon receipt and examination of same at the Meridian office, the Walnut agent of the defendant was immediately notified that said endorsement had been left off and that it was necessary that same be attached. That thereupon, the agent of the defendant prepared such endorsement, went in person and found the plaintiff, and told him that the company requested that the endorsement be on the policy, and that thereupon, the plaintiff signed said endorsement, and same was attached to such renewal policy, as is shown by the answer of the defendant herein, which is here referred to for the exact form of said endorsement.
That after that time, the accident occurred on which this action is brought, while Jerry L. Mathis was driving the insured automobile."
Thereafter, a supplemental stipulation was entered as follows:
"That on the day when the accident occurred on which this action was brought, and prior thereto, Jerry L. Mathis was staying in the home of the plaintiff and his wife, Mrs. John H. Mathis, and while the plaintiff had not given Jerry L. Mathis specific authority to use the automobile which he was driving at the time of the accident, he had not forbidden him to use same, and had given Jerry L. Mathis permission and authority to use the plaintiff's pick-up truck, and if Jerry L. Mathis had asked plaintiff's permission to use the automobile involved in said accident, the plaintiff would have granted such permission; and on the day of said accident, Jerry L. Mathis and Mrs. John H. Mathis, the wife of the plaintiff, were out together in the insured automobile, and Mrs. John H. Mathis had authority from the plaintiff to use said automobile, and it is assumed that Jerry L. Mathis was driving same with the permission of the plaintiff's wife."
The endorsement attached to the policy is in the following words:
It is agreed that such insurance as is afforded by this policy does not apply to any automobile while operated by Jerry L. Mathis.
*732
 Accepted by:
 (Signed) John H. Mathis
This endorsement, from its effective date, forms a part of the policy described below issued by the United States Fidelity and Guaranty Company.
 (Signed) William R. Phalen,
 Secretary
 (Signed) W.J. Jeffery, President
 Countersigned:
 (Signed) Joe McCoy,
 Authorized Representative.
The appellant assigns as error, among other things, that the lower court erred in finding there was no consideration for the endorsement on the policy, thereby construing it to be ineffectual.
The stipulation indicates that the plaintiff signed the endorsement, leaving for determination the question of whether it was supported by consideration.
It is generally held that consideration is necessary for the valid modification of the provisions of an insurance policy which restricts or limits its coverage. The appellant, by the terms of the policy, had the undoubted right to cancel the coverage relating to physical damage. This brings to the fore the question of whether forbearance of cancellation by the insurer constitutes sufficient consideration for the endorsement. In Ellis v. Southern Farm Bureau Casualty Ins. Co., 233 Miss. 840, 848, 103 So.2d 357, 360 (1958) we held the following:
When Hubbard entered the armed forces the appellee had the unquestioned right to cancel the policy. There was no restriction of the right to cancel. The appellee requested the restrictive endorsement and Hubbard agreed thereto and signed the endorsement. The parties agreed that the endorsement modifying the policy as to the persons covered was in consideration of the continuance of the policy. This was sufficient consideration. In order to save cancellation of the policy, an advantage to Hubbard, he agreed to the endorsement, signed it, and it became a part of the contract. It is difficult to see how it can be argued that the new situation was not supported by a consideration. We hold that the endorsement was supported by adequate consideration and was valid.
We conclude that forbearance of cancellation is sufficient consideration for the endorsement.
The remaining question and dispositive issue is whether forbearance must be expressly agreed upon by the parties or whether "implied forbearance" is sufficient.
The appellee cites numerous cases to the effect that there must be express agreement on the part of the insured of the forbearance before it can be effective as consideration. We note that these cases are somewhat outdated and are substantially eroded, indeed, to the extent that it has caused comment. In 74 A.L.R. 301, par. IV, Implied Agreements to Forbear (1931), the following statement is found:
The view requiring an agreement to forbear (see II, supra) is modified almost to the point of negativing its effect by the further holding in the cases that such an agreement may be implied. These cases take the position that actual forbearance is evidence of an agreement to forbear, and when viewed in connection with other facts and circumstances relating to the promise have held that an implied agreement to forbear may be established which will be deemed sufficient to uphold the necessary consideration.
In examining the stipulated facts, we must infer that the appellee had knowledge that the insurance policy would be cancelled if he failed to accept and sign the endorsement. We can, therefore, only conclude that his reason for signing was to continue the coverage afforded by the policy. We are of the opinion that the forbearance *733 of the insurer in not cancelling the policy, though by implication, was sufficient consideration for the endorsement and that it was binding and effective.
We are of the opinion that the lower court erred in awarding judgment for the plaintiff and that the case must be reversed and rendered.
Reversed and rendered.
GILLESPIE, P.J., and INZER, SMITH, and ROBERTSON, JJ., concur.