FIRST NATIONAL BANK OF COLUM-
BUS, Plaintiff-Appellant,

v.

Shelby DRUMMOND,
Defendant-Appellee.

No. 80–3402.

United States Court of Appeals,
Fifth Circuit.

Unit A

April 10, 1981.

Before INGRAHAM, POLITZ and WIL-LIAMS, Circuit Judges.

PER CURIAM:

The appeal in this diversity jurisdiction case presents an important issue of Mississippi law particularly appropriate for state resolution. We defer decision in the cause and certify the issue to the Supreme Court of Mississippi pursuant to its Rule 46, adopted August 1, 1980.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves a question of the law of the State of Mississippi which is determinative of an essential threshold issue for which we find no clear, controlling precedent in the decisions of the Supreme Court of Mississippi. We accordingly certify the questions of law *infra*, to the Supreme Court of Mississippi, requesting an answer based on the facts as recited.

1. Style of the Case.

The case in which this certificate is issued is entitled *First National Bank of Columbus*, Plaintiff-Appellant, *v. Shelby Drummond*, Defendant-Appellee, number 80–3402 on the docket of the United States Court of Appeals for the Fifth Circuit and is an appeal from the United States District Court for the Southern District of Mississippi.

2. Statement of the Case.

On or about November 4, 1975, Shelby Drummond executed an instrument in fa-

vor of the First National Bank of Columbus, Georgia (the Bank), wherein he agreed to guaranteed payment of any loan, within a stated limit, which the Bank extended to J. C. H. Restaurants, Inc. D/B/A Brer Rabbit's. A copy of the instrument is attached as Exhibit "A."

On or about January 19, 1977, the Bank loaned J. C. H. Restaurants, Inc., the sum of $151,760 pursuant to an installment promissory note, a copy of which is attached as Exhibit "B."

Some payments were made after which J. C. H. Restaurants, Inc., defaulted and the collateral securing the loan was liquidated. A foreclosure sale was held on September 30, 1977. After applying the proceeds of the sale, there remained a net principal balance deficit of approximately $40,000.

The Bank was unsuccessful in its amicable demands for payment directed to J. C. H. Restaurants, Inc., and Shelby Drummond and it filed suit in federal district court on December 17, 1979. Jurisdiction was based on diversity of citizenship of the parties, the plaintiff bank being a national banking corporation with its office and place of business in Columbus, Georgia, and defendant being a citizen of the State of Mississippi. Attaching copies of Exhibits "A" and "B" the Bank sought judgment for $39,587.86 plus interest from September 30, 1977, attorney's fees and costs.

Shelby Drummond filed a Motion for Summary Judgment contending that the one year statute of limitations contained in Mississippi Code Anno., Section 15–1–23 (1972) controlled in this cause and that the action was barred because it was filed more than one year after the foreclosure proceeding. The district court agreed that Section 15–1–23 applied and held that the instant complaint was barred. The Bank's petition was dismissed with prejudice and it now appeals contending that the proper provision of Mississippi law to be applied in this instance is Section 15–1–49 (1972) which establishes a six year period of limitations for the filing of this suit.

Section 15–1–23 provides:

In all cases, no suit or action shall hereafter be commenced or brought upon any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes.

Section 15–1–49 provides:

All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

### 3. Questions to be Certified.

Which period of limitations applies to the instant fact situation, the one year period established by Section 15–1–23 (1972) or the six year period established by Section 15–1–49 (1972) of the Mississippi Code Annotated? Is some other period of limitations applicable? Was the complaint by the Bank timely filed?

The entire record in this case, together with copies of the briefs of the parties, are transmitted herewith.

### EXHIBIT A

### GUARANTEE

GEORGIA,

__Muscogee__ COUNTY

In consideration of the sum of Five Dollars ($5.00) and other valuable considerations, as well as for the purpose of seeking to induce THE FIRST NATIONAL BANK OF COLUMBUS, GEORGIA, to extend credit to J.C.H. Restaurants, INC. D/B/A Brer Rabbit's

(hereinafter termed the "principal") or to renew or extend in whole or in part, loans or discounts already contracted by said principal, the undersigned (hereinafter termed the "guarantor") does hereby guarantee to said Bank and to its endorsers, transferees, successors or assigns, of either

this guaranty or any of the obligations secured thereby, the prompt payment according to their terms of all obligations of the principal to the Bank of any kind or character, and does agree that if they, or any of them, are not so paid by the principal, the guarantor will immediately do so.

The obligations covered by this guaranty shall include all obligations of the principal to the Bank now existing or hereafter coming into existence and of renewals or extensions in whole or in part, of any of the obligations before described, together with all damages, losses, costs, interest, charges, expenses and liabilities of every kind, nature and description suffered or incurred by the Bank, arising in any manner out of or in any way connected with, or growing out of said indebtedness or liabilities of the principal to the Bank.

The liability of the guarantor hereunder is limited to the principal sum of __Two Hundred Fourty Thousand and 00/100 ($240,000.00  )__ Dollars.

This is a continuing guaranty and shall remain in force until a written notice revoking it has been received by the Bank; but such revocation shall not release the guarantor from its guaranty of all obligations of the principal (as hereinbefore defined) then in existence, or from any renewals or extensions thereof, in whole or in part.

The undersigned hereby consent and agree that the Bank may at any time, either with or without consideration, surrender any property or other security of any kind or nature whatsoever held by it or by any person, firm or corporation on its behalf or for its account securing any indebtedness or liability covered by this guaranty or substitute any collateral so held by it for other collateral or like kind or of any kind without notice to or further consent from the undersigned and such surrender or substitution shall not in any way affect the liability of the undersigned hereunder.

Where the obligation hereby guaranteed is an obligation of a corporation, this guaranty is to cover all obligations to said Bank purporting to be made in behalf of such corporation by any officer or agent of said corporation without regard to the actual authority of such officer or agent. The term corporation shall include associations of all kinds and all purported corporations whether correctly and legally chartered and organized or not.

At the option of the Bank this may be treated as a guaranty or as a suretyship, with the right to proceed against the guarantor without first proceeding against the principal.

The guarantor hereby waives notice of acceptance of this guaranty or of the creation or extension or renewal of any obligation of the principal to which it relates, or of any default by the principal. Guarantor agrees that no act or omission on the part of the Bank shall in any way affect or impair this guaranty. The guarantor hereby waives the right to require the holder of the obligation guaranteed to take action against the principal as provided for in Section 103–205 of the 1933 Georgia Code.

Where the guarantor is a natural person this agreement binds his heirs, administrators and executors, and where a corporation, its successors and assigns. Where signed by more than one guarantor, the singular term "guarantor" shall include the plural, and their obligation shall be joint and several.

This guaranty is made subject to all the terms, conditions, agreements or stipulations contained in the notes evidencing the obligations hereby guaranteed, and said guarantor further agrees that the terms, conditions and provisions of any notes which may be executed by the principal to evidence obligations in the future incurred, shall simultaneously with the execution of such notes, become a part of this guaranty, said guarantor hereby ratifying and confirming the agreements contained in said notes, both as to him or itself and any and all collateral in the possession of said Bank or which may hereafter, during the life of this guaranty, come into its possession se-

curing either this obligation or any other obligation.

The undersigned and each of them waive and renounce each for himself and family any and all homestead or exemption rights either of us may have under or by virtue of the constitution or laws of Georgia, any other State or the United States, as against the liability and obligation hereby created; and do hereby jointly and severally transfer, convey and assign to the Bank or holder hereof a sufficient amount of any homestead or exemption as may be set apart in bankruptcy to pay this obligation in full, with all costs of collection; and each of the undersigned hereby directs the trustee in bankruptcy having possession of such homestead or exemption to deliver to the Bank a sufficient amount of property or money so set apart as exempt to pay the obligation hereby created.

WITNESS the signature and seal of guarantor this the _4ᵗʰ_ day of _NOVEMBER_, 19 _75_.

_Wm. C. Sams. Jr. MD_ (L.S.)

_Thomas L. Sams_ (L.S.)

_Shelly Drummond_ (L.S.)

_Luther Bone_ (LS)

_Dennis C. High MD_ (LS)

Signed Before ME 11-4-75
_Anne R. Stevenson_, Notary Public
County Shelby, State of Tennessee
MY COMMISSION EXPIRES APRIL 8, 1978

_Bettye Auckerman_
My Commission expires February 24, 1979  Notary
Nov. 4, 1975

## EXHIBIT B

INSTALLMENT NOTE

$ 151,760⁰⁰

Columbus, Georgia _January 19_ 19 77

FOR VALUE RECEIVED, I, or we, or either of us, promise to pay THE FIRST NATIONAL BANK OF COLUMBUS, GEORGIA, or Order, at its office in Columbus, Georgia, together with the current rate of exchange in the City of Columbus, Georgia and in lawful money of the United States, the principal sum of _One Hundred Fifty One Thousand Seven hundred sixty and 100_ Dollars, with interest thereon from date hereof at the rate of ___ per cent per annum on the monthly unpaid balance until maturity, said principal sum being due and payable in _11_ successive monthly installments of $ 2000⁰⁰ each and in one (the last) installment of $_129,760⁰⁰_, the first principal installment being due and payable on the _3_ day of _February_, 19 _77_, and one of said principal installments, in the order set forth herein, being due and payable on the _3_ day of each succeeding calendar month thereafter, until said principal sum shall have been fully paid. Said interest thereon shall become due and payable in successive monthly installments on the same due dates as said principal installments set forth herein.

SEE ATTACHED LIST OF STOCK.

Extra payments may be made at any time and interest will be charged only on the monthly unpaid balance. And, privilege is given to pay off in full this note debt in any case before maturity, WITHOUT PENALTY.

The holder of this note shall have the right to declare the same to be due, payable and collectible in advance of the dates named as its maturity dates, upon the makers or makers' failure to pay any installment of principal and/or interest when they upon the maker's or makers' failure to keep the property described in the deed securing this note (should there be such a deed in existence) insured as provided therein, or to produce the receipts therefor upon demand of the holder of this note and the said security deed, upon the maker's or makers' failure to pay any taxes or assessments levied upon the property described in the deed securing this note (should there be such a deed in existence) or to produce the receipts therefor upon the demand of the holder of this note and the said security deed; and upon the maker's or makers' failure to comply with any condition or stipulation contained in the deed securing said indebtedness (should there be such a deed in existence). Any failure to exercise said option (s) immediately shall not constitute a waiver of the right to exercise the same at any other subsequent time, without notice.

Said Bank is hereby expressly authorized to retain any general or special deposits, collateral, real or personal security, or the proceeds thereof, belonging to either of us now or hereafter in the possession of said Bank during the time this note remains unpaid and, before maturity hereof, may apply the same to this or any other debt or liabilities of either of us to said Bank, due or to become due.

I, or we, and each of us, whether principal, surety, guarantor, endorser, or other party hereto, hereby agree to be jointly and severally bound, and I, or we, severally hereby waive and renounce, for myself/ourselves and family/families all homestead or exemption rights provided by the Constitution and laws of Georgia or any other State of the Union, as against the payment of this note/debt or the interest thereon and of any renewal thereof and extension thereof, and constitute the holder of this note, as my/our attorney in fact in case of bankruptcy to claim all homestead and exemption allowed by law, and do hereby severally transfer and assign to the holder of this note all homestead exemption rights to which we, or either of us, may be entitled, and I, or we, hereby direct any trustee in bankruptcy to transfer to said attorney in fact all homestead or exemption allowed, and hereby authorize said attorney in fact to sell said homestead or exemption allowed, at public or private sale, with or without notice, and apply the proceeds of said sale, first towards the payment of this note, and any balance, to the party for whose benefit said homestead or exemption are set apart. I, or we, or either of us, further waive demand, protest, and notice of demand, protest and non-payment of this note and each and every installment due thereunder.

DEC 30 1977

Time is of the essence of this note and each and every installment therein, and in case this note is collected by law or through an attorney at law, I, we, or either of us, agree to pay all costs of collection, including fifteen (15) per cent of the principal and interest, as attorney's fees.

Should said note or any of said installments, including principal and interest, not be paid when due, they shall bear interest at the rate of eight per cent. per annum from maturity, said interest being due and payable monthly.

Given under the hand and seal of each party the day and year first above written.

No. 62996  1974

Due 3rd

J. C. H. Restaurants, Inc. (L. S.)

(L. S.)

Peachtree Mall, 3111 Manchester Expwy 31904