658 F.2d 268
 Elise G. STRANGE; W. E. Strange, II, A Minor, By and Through
his Mother and Next Friend, Elise G. Strange;
Carol Strange Durham; and Deddy Strange
Burkhead, Plaintiffs-Appellees,
v.
Gary KREBS, A Minor, By and Through His Father and next
Friend, Joseph V.Krebs, Jr., Defendant,
United States Fidelity and Guaranty Insurance Company,
Garnishee-Appellant.
 No. 80-3594.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
Sept. 8, 1981.
 
 Raymond L. Brown, Pascagoula, Miss., for garnishee-appellant.
 Cumbest & Cumbest, John L. Hunter, Arvis V. Cumbest, David O. McCormick, Pascagoula, Miss., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before BROWN, GOLDBERG and AINSWORTH, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 We are presented in this diversity case with a Mississippi problem on which Mississippi should have the last answer and for which Mississippi affords the means for a ready answer.
 
 
 2
 The issue briefly put is whether, for Mississippi, the Student Exclusion Endorsement[1] attached to the policy of U.S. Fidelity & Guaranty Insurance Co. (USF&G), at a time the policy was in full force and effect and by its terms was not subject to cancellation or threat thereof, was supported by adequate consideration by the Insured acquiescing to the Insurer's insistence that the policy would terminate (or not be renewed) unless the endorsement was accepted.
 
 
 3
 The District Judge, a longtime Mississippi practitioner, answered the inquiry in the negative. Holding the endorsement invalid for want of consideration, he granted garnishment against Insurer, USF&G.
 
 
 4
 We have determined that, involving as it does, questions of local Mississippi policy, we ought not to attempt precarious prediction of Mississippi law from the fragmentary Mississippi materials when ready at hand is certification to the Supreme Court of Mississippi under its recent Rule 46. We extol for Mississippi, as we did first for Florida, then Alabama, Georgia, Louisiana, and all but Texas, the virtues of this remarkable device which, without abdicating one Article III function, enables us to obtain an authoritative answer to problems where the Erie lights are dim, confusing or conflicting.[2] Indeed, without elaboration we have twice certified cases to the Mississippi Supreme Court.[3]
 
 
 5
 For our purposes we may briefly capsule the facts. Mr. McLeod, a resident of Mississippi Point, Mississippi, was the insured under a vehicle family insurance policy with USF&G. The policy's renewal anniversary date was September 7, 1973. In December of the previous year, Mr. McLeod had purchased a new automobile as a Christmas present for his daughter who was then attending the University of Southern Mississippi. At the time the car was added to Mr. McLeod's insurance policy, the agency insisted upon the addition of a Student Exclusion endorsement (note 1, supra) which excluded coverage if the car was operated by a non-family college student. There was no rate change or premium charge in connection with adding the endorsement, and the policy was not then subject to cancellation. It was Mr. McLeod's understanding that if he did not accept and sign the endorsement, the insurance agency would refuse to continue coverage at the earliest possible date. He did not recall any specific agreement that the insurance agency guaranteed to renew the policy on its anniversary date. His testimony is consistent with that of employees of the insurance agency who both testified that, if the student exclusion endorsement had not been added, the agency would have refused to continue coverage past the end of the policy period. In short, the insurer would refuse to renew the policy on the renewal date. Neither of these employees testified as to any promise to continue coverage past the end of the policy period or of any representation or guarantee that the policy would not be discontinued. Without more, the policy was automatically renewed on its anniversary date September 7, 1973.
 
 
 6
 On September 29, 1973, Mr. McLeod's daughter and a friend, Gary Krebs, were enroute from Hattiesburg to the "Ole Miss"-Southern football game in Oxford when Krebs, who was driving, rear-ended an automobile driven by William Strange, age 66. Later, while attending the game, Mr. Strange died of cardiac arrythmia. Suit followed, resulting in a judgment in effect for $100,000 against Krebs.
 
 
 7
 This garnishment proceeding instituted by the Stranges grew out of the $100,000 judgment taken against Mr. Krebs. The Stranges take the position that McLeod's insurance policy covered the accident on September 29, 1973, because the student exclusion endorsement was void for lack of consideration and other reasons.
 
 
 8
 The District Judge took note of many Mississippi cases holding that an insurer's forbearance of cancellation of an automobile policy is sufficient consideration for modification of the policy. See, e. g., United States Fidelity & Guaranty Co. v. Mathis, 236 So.2d 730 (Miss.1970); Ellis v. Southern Farm Bureau Casualty Insurance Co., 233 Miss. 840, 103 So.2d 357 (1958). However, in those cases where forbearance had been held to be adequate consideration, the insurer had the right to cancel at the time of the modification. In other words, in those cases the insurer gave up the legal ability to cancel the policy in exchange for the insurer's acceptance of lesser or modified insurance coverage under the policy. In applying these principles to the facts in this case, since the District Court found that USF&G had no right to cancel the policy on December 4, 1972, it held that the endorsement was without consideration and therefore void.
 
 
 9
 The District Court went on to address USF&G's contention that even if the student exclusion endorsement was void at the time it was added to the policy, it became effective upon the renewal date and was effective at the time of the accident on September 29, 1973. The Court, citing Southern Farm Bureau Casualty Insurance Co. v. United States of America, 395 F.2d 176 (8th Cir. 1968) and United States of America v. National Insurance Underwriters, 266 F.Supp. 636 (D.Minn.1967), held that the endorsement initially void for lack of consideration remains void on subsequent renewal dates.
 
 
 10
 In attacking that holding, USF&G urges that it was not the insurer's forbearance to cancel the policy on December 4, 1972, which provided consideration for the endorsement, but rather it was the insurer's forbearance to exercise a future legal right (the right to terminate the insurance coverage on its renewal date), in exchange for the lesser policy coverage. In other words, USF&G exchanged its promise to renew its policy for the insured's acceptance of the endorsement.
 
 
 11
 As there are no reasonably sure guides to solve this riddle, and confronting, as it does, important public policy questions, this is an ideal case for certification to the Supreme Court of Mississippi virtually the only Court which can authoritatively establish the policy.
 
 
 12
 Following our customary practice requesting counsel to submit a joint statement of facts and proposed agreed certificate of the questions, see West v. Caterpiller Tractor Co., Inc., 504 F.2d 967 (5th Cir. 1974), we are certifying the following three questions to the Supreme Court of Mississippi:[4]
 
 
 13
 (i) Does forbearance to cancel an insurance policy on renewal date constitute a valid consideration for an endorsement to the policy?
 
 
 14
 (ii) Was there valid consideration for the student exclusion (student risk) endorsement to the McLeod automobile liability insurance policy?
 
 
 15
 (iii) Was the endorsement contrary to the Mississippi Motor Vehicle Safety Responsibility Act or public policy, or ambiguous or contrary to the Omnibus Clause of the policy?[5]
 
 
 16
 The entire record in this case, the Court's opinion, together with copies of the briefs of the parties, the letter directive, counsel's memorandum on certification, proposed certification and all other papers are to be transmitted with the Certificate.
 
 
 17
 CERTIFIED.
 
 
 
 [1]
 LIMITATION OF COVERAGE STUDENTS
 It is agreed that such insurance as is afforded by the policy for bodily injury liability, for property damage liability, and for medical payments does not apply to any person other than the named insured and members of his immediate family residing in his household, while the automobile is being operated by or is in the control of any student enrolled in any school, college or university.
 The word 'student' as used herein shall not include Dorothy Lou McLeod.
 By acceptance of this endorsement, the insured agrees that this limitation shall be continuously in force, including subsequent renewals, until terminated by mutual consent.
 
 
 [2]
 See, J. Brown, Fifth Circuit Certification Federalism in Action, 7 Cumberland L.Rev. 455 (1977) and the numerous cases cited in In Re McClintock, 558 F.2d 732, n. 2, 3, 4 and 5 (5th Cir. 1977). Of certification now Chief Judge Godbold stated, "both federal and state judicial systems are the beneficiaries of a procedure rooted in cooperative federalism." American Eastern Dev. Corp. v. Everglades Marina, 608 F.2d 123, 125 (5th Cir. 1979)
 
 
 [3]
 Anderson v. Jackson Municipal Airport Authority, 645 F.2d 401 (5th Cir. 1981); First National Bank of Columbus v. Drummond, 642 F.2d 181 (5th Cir. 1981)
 
 
 [4]
 Because of the evidentiary detail required, the certificate is not being published, and it will undoubtedly be either set out in the opinion of the Supreme Court of Mississippi or appended to its opinion
 
 
 [5]
 Although questions (ii) and (iii) were suggested by the parties as additional issues, we remind the Supreme Court of Mississippi that they are not bound in any fashion by the perimeters of these questions. Indeed, what we stated in Martinez v. Rodriguez, 394 F.2d 156, 159 n. 6 (5th Cir. 1968), should be reiterated here:
 (T)he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or insubordinate or even contingent parts.