Elise G. STRANGE; W. E. Strange, II, a minor, by and through his mother and next friend, Elise G. Strange; Carol Strange Durham; and Deedy Strange Burkhead, Plaintiffs-Appellees,

v.

Gary KREBS, a minor, by and through his father and next Friend, Joseph V. KREBS, Jr., Defendants,

United States Fidelity and Guaranty Insurance Company, Garnishee-Appellant.

No. 80–3594.

United States Court of Appeals, Fifth Circuit.\* Unit A

Oct. 28, 1982.

See also, 5th Cir., 658 F.2d 268 and 419 So.2d 178.

Raymond L. Brown, Pascagoula, Miss., for garnishee-appellant.

Law 96–452—October 14, 1980.

Cumbest & Cumbest, John L. Hunter, Arvis V. Cumbest, David O. McCormick, Pascagoula, Miss., for plaintiff-appellee.

Before BROWN and GOLDBERG, Circuit Judges [**]:

JOHN R. BROWN, Circuit Judge:

This is an appeal by appellant-garnishee, United States Fidelity and Guaranty Insurance Company (USF&G), from the granting of a Writ of Garnishment against it. The issue presented is whether forbearance to cancel an insurance policy on its renewal date constitutes valid consideration for a student exclusion endorsement to the policy under Mississippi law. Because we found no clear controlling precedent in the decisions of the Supreme Court of Mississippi, we certified [1] the case to the Mississippi Supreme Court.[2] *Strange v. Krebs,* 658 F.2d 268 (5th Cir. 1981).

The Supreme Court of Mississippi has now answered these questions in the negative. *Krebs v. Strange,* 419 So.2d 178 (Miss. 1982).

In answering the questions, the Supreme Court of Mississippi agreed that USF&G was bound to provide coverage, pursuant to the terms of the insurance policy between itself and McLeod, until the end of the policy period on September 7, 1973, and that forbearance of an automatic termination of the policy at the end of the initial policy period did not constitute consideration for the modification to the policy.

When the period of an insurance policy expires, then in the absence of specific language to the contrary, the contract between the parties terminates. When termination of the contract occurs, the insurance company has nothing to cancel and there is no legal right or privilege as to that contract which the insurance company may forbear and for which such forbearance may serve as consideration for a modification.

\*    \*    \*    \*    \*    \*

In actuality, the insurance company was making a promise not to offer to renew the insurance contract upon the termination of the present policy. This promise existed as a *nudum pactum* and hence was unenforceable and could not constitute consideration. We must, therefore, conclude that the 'student exclusion' endorsement signed by McLeod in December, 1972 was void for lack of consideration.

*Krebs v. Strange,* 419 So.2d at 183.

Accordingly, with authoritative guidance from the only court which can speak with almost limitless authority on a matter which touches on important social interests in Mississippi, we are able positively to hold that the student exclusion endorsement was void for lack of consideration and, with this imprimatur, that the District Court was correct.

AFFIRMED.

---

[**] Judge Ainsworth was a member of the original panel. Due to his death on December 22, 1981, Judge Ainsworth did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. The questions were:
   1. Does forbearance to cancel an insurance policy on renewal date constitute a valid consideration for an endorsement to the policy?
   2. Was there valid consideration for the student exclusion (student risk) endorsement to the McLeod automobile liability insurance policy?
   3. Was the endorsement contrary to the Mississippi Motor Vehicle Safety Responsibility Act or public policy, or ambiguous or contrary to the Omnibus Clause of the policy?
   (The Mississippi Court pointed out that if the first and second questions are answered in the negative, the third question becomes moot).

2. This Court has long advocated the use of certification, having twice certified cases to the Mississippi Supreme Court. *Anderson v. Jackson Municipal Airport Authority,* 645 F.2d 401 (5th Cir. 1981); *First National Bank of Columbus v. Drummond,* 642 F.2d 181 (5th Cir. 1981). See J. Brown, *Fifth Circuit Certification—Federalism in Action,* 7 Cumberland L.Rev. 455 (1977) and the numerous cases cited in *In Re McClintock,* 558 F.2d 732, nn.2–4 & 5 (5th Cir. 1977).