TORBERT, Chief Justice.
Dirt, Inc., filed suit against Lonnie Henderson, a former employee of Dirt, Inc., in the District Court of Mobile County, claiming payments due and unpaid on a house trailer in the amount of $1,200.00. Thereafter, Lonnie Henderson filed suit against Dirt, Inc., and Lamar Harrison (the owner of Dirt, Inc.) in the Circuit Court of Mobile County, claiming a conversion of personal property. The two cases were consolidated for trial in the circuit court, and the jury returned two verdicts in favor of Henderson. The jury found that Henderson was not indebted to Dirt, Inc., and that Dirt, Inc., and Harrison had converted Henderson’s tools. The jury awarded Henderson $50,000.00 in damages. The trial court denied motions of Dirt, Inc., and Harrison for judgment notwithstanding the verdict, new trial, and remittitur.
Appellants, Dirt, Inc., and Harrison, contend that the trial court erred in not granting their motions for J.N.O.V. or new trial because, they say, there was no evidence that there was not a debt owed by Henderson to the appellants at the time of the alleged conversion.
As this Court has stated, “The standard of judicial review for testing a motion for directed verdict is identical to that for testing a motion for J.N.O.V. Evidence sufficient to take the case to a jury as against a motion for directed verdict is likewise sufficient to withstand a motion for J.N.O.V.” Casey v. Jones, 410 So.2d 5, 7 (Ala.1981). A trial court does not err in refusing to direct a verdict in a party’s favor if a scintilla of evidence exists in favor of the opposing party. Carnival Cruise Lines, Inc. v. Snoddy, 457 So.2d 379, 384 (Ala.1984). When reviewing a denial of a J.N.O.V., we must examine the evidence in the light most favorable to the non-movant. Id.
There was much conflicting evidence at trial. There was testimony indicating that Henderson owed money to Dirt, Inc., for rent on the trailer Dirt, Inc., provided for him and for hook-up of utilities to that trailer. How many months’ rent was owed and whether Dirt, Inc., provided the septic tank free of charge were in dispute. There was evidence that Henderson had paid one month’s rent and had cleared the rest of his debt with Dirt, Inc., through money withheld from his pay by Dirt, Inc.
The evidence at trial provided at least a scintilla of evidence that Henderson did not owe money to Dirt, Inc.
As to appellants’ motion for a new trial, the evidence was also sufficient to defeat that motion. Verdicts are presumed correct, and this presumption is strengthened when a new trial is denied by the trial judge. This Court will not reverse the trial court’s denial of a new trial unless the preponderance of the evidence against the verdict is so decided as to clearly convince *1206 the Court that it is wrong and unjust. Crum v. McGhee, 289 Ala. 244, 249, 266 So.2d 855, 859 (1972). We are not clearly-convinced that the verdict in this case is “wrong and unjust.”
We have considered the appellants’ other assignments of error and find them to be without merit. For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON and BEATTY, JJ., concur.
HOUSTON, J., concurs specially.