TORBERT, Chief Justice.
This is a contract dispute. The Huntsville and Madison County Railroad Authority (“Authority”) entered into a contract with Alabama Industrial Railroad, Inc. (“AIR”). The contract provided for AIR to operate the 13.25 miles of track owned by the Authority. AIR was to receive all revenues from the line’s operation except for surcharges that AIR was to collect for the Authority. AIR had total maintenance responsibilities for the line, but the Authority was seeking a grant of certain monies from the State of Alabama Highway Department and was to use part of that grant to pay for rehabilitation of the line. The grant never materialized.
It is undisputed that AIR collected $1,960.00 in surcharges and did not turn that money over to the Authority. The Authority sued for the $1,960.00 and for an injunction prohibiting AIR from operating the line or from preventing the Authority’s operation of the line. AIR counterclaimed for approximately $25,000.00 expended in rehabilitating the line and for other damages. The trial court granted the injunction and directed a verdict for the Authority on its claim for the surcharges. The trial court then allowed the jury to decide *343 on (1) whether the Authority breached the written contract and thereby damaged AIR or, (2) whether there was a subsequent oral contract that provided for the Authority to reimburse AIR for rehabilitation of the line even if the Authority never received the government grant. The jury returned a verdict for AIR in the amount of $25,-000.00.
The Authority alleges that the trial court erred in failing to direct a verdict in its favor on AIR’s counterclaim or in failing to grant its motion for judgment notwithstanding the verdict. A scintilla of evidence is sufficient to defeat either a motion for directed verdict or a motion for J.N.O.V., and when reviewing a denial of a motion for directed verdict or for J.N.O.V., we must examine the evidence in the light most favorable to the non-movant. Harrison v. Henderson, 501 So.2d 1204, 1205 (Ala.1986); Carnival Cruise Lines v. Snoddy, 457 So.2d 379, 384 (Ala.1984).
As to the issue of whether the Authority breached the written contract with AIR, we hold that, as a matter of law, the Authority did not breach the written contract. “When the terms of contract are clear, it is incumbent upon the court to analyze and determine the force and effect of those terms as a matter of law.” Johnson-Rast & Hays, Inc. v. Cole, 294 Ala. 32, 36, 310 So.2d 885, 889 (1975).
The written agreement in this case provided:
“If there shall be a default in the performance of any covenant, agreement, condition, rule or regulation herein contained or hereafter established on the part of AIR for more than thirty days after written notice of such default by the Authority, this agreement, if the Authority elects, shall thereupon become null and void.”
It is undisputed that AIR withheld the surcharges due the Authority; AIR admits in its brief that this withholding was wrongful. The trial court directed a verdict in favor of the Authority on its claim for the surcharges. The Authority gave AIR written notice of default; more than 30 days later, AIR was still in default. The Authority was within its contractual rights in terminating the contract, and there is no evidence of any other breach on the part of the Authority.
It is of no help to AIR to claim that it has substantially performed its part of the contract. “Where the rule of substantial performance prevails it is essential that the plaintiffs default should not have been willful....” 5 S. WiUiston on Contracts, § 805 at 849 (3d ed. 1961). “The doctrine of substantial performance cannot be invoked where the failure to perform was intentional_” 17 Am.Jur.2d Contracts, § 377 at 820 (1964). Here, AIR’s default, the wrongful withholding of the surcharges, was intentional. Also, “substantial performance does not contemplate a full or exact performance in every slight or unimportant detail, but performance of all important parts.” Bruner v. Hines, 295 Ala. 111, 115, 324 So.2d 265, 268 (1975). “Accordingly, there must be no omissions with respect to essential matters, and the nonperformance of a material part of the contract will prevent the performance from amounting to a substantial perform-ance_” 17A C.J.S. Contracts, § 508 at 816 (1963). The delivery of the surcharges to the Authority was definitely an important and material part of this contract and not a slight detail, for the surcharges were the Authority’s only means of repaying the half-million dollar loan it took out to purchase the rail line.
As to the issue of whether there was a subsequent oral contract that provided for the Authority to reimburse AIR for rehabilitation of the line even if the Authority never received the government grant, we hold that there was no such contract. While we cannot say that there is not a scintilla of evidence of a subsequent oral agreement, we have searched the entire record and cannot find any evidence that there was consideration for this agreement so as to make it a binding contract. As this Court has stated:
“ ‘[Wjhen a contract is altered in some or all of its essential features, or is supplanted by a substitute, the secondary *344 contract must have a new consideration, which may be, of course, the release of old obligations, the lightening of former burdens, the according of new benefits or advantages, but if all the benefits are conferred upon one party, and all the burdens put upon the other, a consideration will be lacking, and the new contract will be void....’”
Winegardner v. Burns, 361 So.2d 1054, 1057 (Ala.1978) (quoting Moore v. Williamson, 213 Ala. 274, 104 So. 645 (1925)). Under the written contract, AIR was already obligated to repair and maintain the track without any subsidy from the Authority unless the Authority secured the grant. There is no evidence that AIR gave the Authority any consideration for the Authority’s agreeing to change the contract.
For the above reasons, we reverse the judgment of the trial court and remand for the trial court to grant the Authority’s motion for judgment notwithstanding the verdict on AIR’s counterclaims.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.